**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,** | Civil Action No. _____ |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| **ACER, INC.,  ACER AMERICA CORPORATION, DELL INC., GATEWAY COMPANIES, INC., GATEWAY, INC., LENOVO GROUP, LIMITED, and LENOVO (UNITED STATES) INC.,** | |
| *Defendants.* | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its Complaint against Defendants Acer, Inc., Acer America Corporation, Acer, Inc., Dell Inc., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Limited, and Lenovo (United States) Inc., (collectively "Defendants"), states and alleges as follows:

## THE PARTIES

1.      Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite No. Two, Grosse Pointe, Michigan 48230.

2.      Defendant Acer, Inc., is a Taiwanese corporation with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wu Rd., Hsichih, Taipei, Hsien 221, Taiwan, R.O.C.

3.      Defendant Acer America Corporation is a California corporation with its principal place of business at 333 W. San Carlos Street, Suite 1500, San Jose, California 95110.  Acer America Corporation is a subsidiary of Acer, Inc.

4.     Defendant Dell Inc. is a Delaware corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682.

5.     Defendant Gateway Companies, Inc. is a Delaware corporation with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.  Gateway Companies, Inc. is a subsidiary of Acer, Inc.

6.     Defendant Gateway, Inc. is a Delaware corporation with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.  Gateway, Inc. is a subsidiary of Acer, Inc.

7.     Defendant Lenovo Group Limited is a Hong Kong corporation with its registered office at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong.

8.     Defendant Lenovo (United States) Inc. is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.  Lenovo (United States) Inc. is a subsidiary of Lenovo Group Limited.

## JURISDICTION AND VENUE

9.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, specifically §§ 271 and 281-285.  This Court has subject matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

10.     Personal jurisdiction over Defendants comports with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code because Defendants have committed and continue to commit and have contributed and continue to contribute to acts of patent infringement in this district as alleged in this Complaint and additionally, with respect to Dell Inc., Gateway Companies, Inc., Gateway, Inc., and Lenovo (United States) Inc. because they are citizens of this state.

11.     Venue is properly within the district under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

12.     St. Clair owns all of the rights and interests in United States Patent Nos. 5,613,130 (the "'130 Patent"); 5,630,163 (the "'163 Patent"); 5,710,929 (the "'929 Patent"); 5,758,175 (the "'175 Patent"); 5,892,959 (the "'959 Patent"); 5,961,617 (the "'617 Patent"); and 6,079,025 (the "'025 Patent") (collectively, the "Patents in Suit").

13.     The '130 Patent entitled "Card Voltage Switching And Protection" was duly and legally issued by the United States Patent and Trademark Office on March 18, 1997, after full and fair examination. A copy of the '130 Patent is attached hereto as Exhibit A.

14.     The '163 Patent entitled "Computer Having A Single Bus Supporting Multiple Bus Architectures Operating With Different Bus Parameters" was duly and legally issued by the United States Patent and Trademark Office on May 13, 1997, after full and fair examination. A copy of the '163 Patent is attached hereto as Exhibit B.

15.     The '929 Patent entitled "Multi-State Power Management For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on January 20, 1998, after full and fair examination. A copy of the '929 Patent is attached hereto as Exhibit C.

16.     The '175 Patent entitled "Multi-Mode Power Switching For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on May 26, 1998, after full and fair examination. A copy of the '175 Patent is attached hereto as Exhibit D.

17.     The '959 Patent entitled "Computer Activity Monitor Providing Idle Thread And Other Event Sensitive Clock And Power Control" was duly and legally issued by the United

States Patent and Trademark Office on April 6, 1999, after full and fair examination. A copy of the '959 Patent is attached hereto as Exhibit E.

18.     The '617 Patent entitled "System And Technique For Reducing Power Consumed By A Data Transfer Operations During Periods Of Update Inactivity" was duly and legally issued by the United States Patent and Trademark Office on October 5, 1999, after full and fair examination. A copy of the '617 Patent is attached hereto as Exhibit F.

19.     The '025 Patent entitled "System And Method Of Computer Operating Mode Control For Power Consumption Reduction" was duly and legally issued by the United States Patent and Trademark Office on June 20, 2000, after full and fair examination. A copy of the '025 Patent is attached hereto as Exhibit G.

20.     Acer, Inc., sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names Aspire, Aspire One, Extensa, Ferrari, and TravelMate.

21.     Acer America Corporation sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names Aspire, Aspire One, Extensa, Ferrari, and TravelMate.

22.     Dell Inc. sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names XPS, Mini, Inspiron, Studio, Studio XPS, Adamo, Vostro, Latitude, and Precision.

23.     Gateway Companies, Inc., sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but

not limited to products sold under the names LT Series, UC Series, TC Series, T Series, M Series, MD Series, MC Series, P Series, DX Series, LX Series, and FX Series.

24.     Gateway, Inc., sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names LT Series, UC Series, TC Series, T Series, M Series, MD Series, MC Series, P Series, DX Series, LX Series, and FX Series.

25.     Lenovo Group Limited sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names IdeaPad, ThinkPad, Value Line G Series, IdeaCentre, ThinkCentre, and H Series.

26.     Lenovo (United States) Inc. sells and distributes, including, upon information and belief, sales and distribution within the District of Delaware, personal computers including but not limited to products sold under the names IdeaPad, ThinkPad, Value Line G Series, IdeaCentre, ThinkCentre, and H Series.

## COUNT I

## INFRINGEMENT OF THE '130 PATENT

27.     Plaintiff incorporates each of the preceding paragraphs 1 - 26 as if fully set forth herein.

28.     Defendants are infringing the '130 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '130 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

29.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

30.     The infringement by Defendants of the '130 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '130 Patent.

## COUNT II

## INFRINGEMENT OF THE '163 PATENT

31.     Plaintiff incorporates each of the preceding paragraphs 1 - 30 as if fully set forth herein.

32.     Defendants are infringing the '163 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '163 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

33.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

34.     The infringement by Defendants of the '163 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '163 Patent.

## COUNT III

## INFRINGEMENT OF THE '929 PATENT

35.     Plaintiff incorporates each of the preceding paragraphs 1 - 34 as if fully set forth herein.

36.     Defendants are infringing the '929 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '929 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

37.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

38.     The infringement by Defendants of the '929 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '929 Patent.

## COUNT IV

## INFRINGEMENT OF THE '175 PATENT

39.     Plaintiff incorporates each of the preceding paragraphs 1 - 38 as if fully set forth herein.

7

40.     Defendants are infringing the '175 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '175 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

41.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

42.     The infringement by Defendants of the '175 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '175 Patent.

## COUNT V

## INFRINGEMENT OF THE '959 PATENT

43.     Plaintiff incorporates each of the preceding paragraphs 1 - 42 as if fully set forth herein.

44.     Defendants are infringing the '959 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '959 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

45.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

46.     The infringement by Defendants of the '959 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '959 Patent.

## COUNT VI

## INFRINGEMENT OF THE '617 PATENT

47.     Plaintiff incorporates each of the preceding paragraphs 1 - 46 as if fully set forth herein.

48.     Defendants are infringing the '617 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '617 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

49.     Upon information and belief, Defendants have willfully engaged in their infringing conduct.

50.     The infringement by Defendants of the '617 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '617 Patent.

## COUNT VII

## INFRINGEMENT OF THE '025 PATENT

51.     Plaintiff incorporates each of the preceding paragraphs 1 - 50 as if fully set forth herein.

52.     Defendants are infringing the '025 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for

sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '025 Patent without authority, including but not limited to the products identified in preceding paragraphs 20-26.

53. Upon information and belief, Defendants have willfully engaged in their infringing conduct.

54. The infringement by Defendants of the '025 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants are enjoined from infringing the '025 Patent.

## DEMANDS FOR RELIEF

WHEREFORE, St. Clair respectfully requests that judgment be entered in its favor and against Defendants as follows:

a. That Defendants have infringed the '130, '163, '929, '175, '959, '617, and '025 patents;

b. That Defendants' infringement of the '130, '163, '929, '175, '959, '617, and '025 patents has been willful;

c. That Defendants and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringement, inducing others to infringe, or contributing to the infringement of the '130, '163, '929, '175, '959, '617, and '025 patents;

d. That Defendants be ordered to account for and pay to St. Clair the damages to which St. Clair is entitled as a consequence of the infringement of the '130, '163, '929, '175, '959, '617, and '025 patents, together with pre-judgment interest and costs;

 e.  That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '130, '163, '929, '175, '959, '617, and '025 patents;

 f.  That all other damages permitted by Title 35 United States Code § 284, including increased damages up to three times the amount of compensatory damages found be awarded;

 g.  That St. Clair be awarded its costs and attorneys' fees; and

 h.  That St. Clair be awarded such other and further relief as the Court may deem just and equitable.

May 15, 2009       BAYARD, P.A.

            /s/ Richard D. Kirk (rk0922)
OF COUNSEL:      Richard D. Kirk (rk0922)
            Stephen B. Brauerman (sb4952)
R. Terrance Rader     222 Delaware Avenue, Suite 900
Charles W. Bradley    P.O. Box 25130
Glenn E. Forbis     Wilmington, Delaware 19899
Justin S. Cohen     (302) 655-5000
RADER, FISHMAN & GRAUER PLLC rkirk@bayardlaw.com
39533 Woodward Ave., Suite 140 sbrauerman@bayardlaw.com
Bloomfield Hills, MI  48304
Tel: (248) 594-0600    *Attorneys for Plaintiff St. Clair Intellectual*
Fax: (248) 594-0610    *Property Consultants, Inc.*