IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 09-354-JJF |
| ACER, INC., ACER AMERICA CORPORATION, DELL INC., GATEWAY COMPANIES, INC., GATEWAY, INC., LENOVO GROUP, LIMITED, and LENOVO (UNITED STATES) INC., | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DELL INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO
ST. CLAIR INTELLECTUAL PROPERTY, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Dell Inc. ("Dell") files this Answer and Counterclaims to the Complaint filed by Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair" or "Plaintiff").

### I.   ANSWER

#### The Parties

1. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Original Complaint.

2. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

3. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Original Complaint.

5.  Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Original Complaint.

6.  Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Original Complaint.

7.  Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Original Complaint.

8.  Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Original Complaint.

### Jurisdiction and Venue

9.  Dell admits that this is an action for patent infringement arising under Title 35 United States Code §§ 1, *et seq.* and that this Court has subject matter jurisdiction in this case.

10. Dell admits that this Court has personal jurisdiction over Dell and that Dell is incorporated in this state. Dell denies all other allegations contained in paragraph 10 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc.

11. Dell admits that venue is proper in this Court.

### General Allegations

12. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Original Complaint, and therefore denies them.

13. Dell admits that, according to the face of the patent, United States Patent No. 5,613,130 (the "'130 Patent) is entitled "Card Voltage Switching And Protection" and was issued on March 18, 1997. Dell admits that what appears to be a copy of the '130 Patent is attached to Plaintiff's complaint as Exhibit A. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Original Complaint, and therefore denies them.

14. Dell admits that, according to the face of the patent, United States Patent No. 5,630,163 (the "'163 Patent) is entitled "Computer Having A Single Bus Supporting Multiple Bus Architectures Operating With Different Bus Parameters" and was issued on May 13, 1997. Dell admits that what appears to be a copy of the '163 Patent is attached to Plaintiff's complaint as Exhibit B. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 14 of Plaintiff's Original Complaint, and therefore denies them.

15. Dell admits that, according to the face of the patent, United States Patent No. 5,710,929 (the "'929 Patent) is entitled "Multi-State Power Management For Computer Systems" and was issued on January 20, 1998. Dell admits that what appears to be a copy of the '929 Patent is attached to Plaintiff's complaint as Exhibit C. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 15 of Plaintiff's Original Complaint, and therefore denies them.

16. Dell admits that, according to the face of the patent, United States Patent No. 5,758,175 (the "'175 Patent) is entitled "Multi-Mode Power Switching for Computer Systems" and was issued on May 26, 1998. Dell admits that what appears to be a copy of the '175 Patent is attached to Plaintiff's complaint as Exhibit D. Dell does not have sufficient information or

knowledge to either admit or deny the remaining allegations contained in paragraph 16 of Plaintiff's Original Complaint, and therefore denies them.

17. Dell admits that, according to the face of the patent, United States Patent No. 5,892,959 (the "'959 Patent) is entitled "Computer Activity Monitor Providing Idle Thread And Other Event Sensitive Clock And Power Control" and was issued on April 6, 1999. Dell admits that what appears to be a copy of the '959 Patent is attached to Plaintiff's complaint as Exhibit E. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 17 of Plaintiff's Original Complaint, and therefore denies them.

18. Dell admits that, according to the face of the patent, United States Patent No. 5,961,617 (the "'617 Patent) is entitled "System and Technique For Reducing Power Consumed By A Data Transfer Operations During Periods Of Update Inactivity" and was issued on October 5, 1999. Dell admits that what appears to be a copy of the '617 Patent is attached to Plaintiff's complaint as Exhibit F. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 18 of Plaintiff's Original Complaint, and therefore denies them.

19. Dell admits that, according to the face of the patent, United States Patent No. 6,079,025 (the "'025 Patent) is entitled "System And Method Of Computer Operating Mode Control For Power Consumption Reduction" and was issued on June 20, 2000. Dell admits that what appears to be a copy of the '025 Patent is attached to Plaintiff's complaint as Exhibit G. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 19 of Plaintiff's Original Complaint, and therefore denies them.

20. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Original Complaint.

21. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 21 of Plaintiff's Original Complaint.

22. Dell admits that it sells and distributes personal computers having product names that include one of the following identifiers: XPS, Mini, Inspiron, Studio, Studio XPS, Adamo, Vostro, Latitude, and Precision. Dell admits that it sells and distributes personal computers within the District of Delaware. Dell denies the remaining allegations contained in paragraph 22 of Plaintiff's Original Complaint.

23. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 23 of Plaintiff's Original Complaint.

24. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 24 of Plaintiff's Original Complaint.

25. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 25 of Plaintiff's Original Complaint.

26. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 26 of Plaintiff's Original Complaint.

### Count I – Allegations of Infringement of U.S. Patent No. 5,613,130

27. Dell incorporates by reference its responses to paragraphs 1-26 above as if fully set forth herein.

28. Dell denies all allegations contained in paragraph 28 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 28 of Plaintiff's Original Complaint that pertain to Acer,

Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

29. Dell denies all allegations contained in paragraph 29 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 29 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

30. Dell denies all allegations contained in paragraph 30 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 30 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

## Count II – Allegations of Infringement of U.S. Patent No. 5,630,163

31. Dell incorporates by reference its responses to paragraphs 1-30 above as if fully set forth herein.

32. Dell denies all allegations contained in paragraph 32 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 32 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

33. Dell denies all allegations contained in paragraph 33 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 33 of Plaintiff's Original Complaint that pertain to Acer,

Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

34. Dell denies all allegations contained in paragraph 34 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 34 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

### Count III – Allegations of Infringement of U.S. Patent No. 5,710,929

35. Dell incorporates by reference its responses to paragraphs 1-34 above as if fully set forth herein.

36. Dell denies all allegations contained in paragraph 36 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 36 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

37. Dell denies all allegations contained in paragraph 37 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 37 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

38. Dell denies all allegations contained in paragraph 38 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 38 of Plaintiff's Original Complaint that pertain to Acer,

Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

### Count IV – Allegations of Infringement of U.S. Patent No. 5,758,175

39. Dell incorporates by reference its responses to paragraphs 1-38 above as if fully set forth herein.

40. Dell denies all allegations contained in paragraph 40 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 40 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

41. Dell denies all allegations contained in paragraph 41 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 41 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

42. Dell denies all allegations contained in paragraph 42 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 42 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

### Count V – Allegations of Infringement of U.S. Patent No. 5,892,959

43. Dell incorporates by reference its responses to paragraphs 1-42 above as if fully set forth herein.

44.     Dell denies all allegations contained in paragraph 44 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 44 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

45.     Dell denies all allegations contained in paragraph 45 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 45 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

46.     Dell denies all allegations contained in paragraph 46 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 46 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

### Count VI – Allegations of Infringement of U.S. Patent No. 5,961,617

47.     Dell incorporates by reference its responses to paragraphs 1-46 above as if fully set forth herein.

48.     Dell denies all allegations contained in paragraph 48 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 48 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

49. Dell denies all allegations contained in paragraph 49 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 49 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

50. Dell denies all allegations contained in paragraph 50 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 50 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

**Count VII – Allegations of Infringement of U.S. Patent No. 6,079,025**

51. Dell incorporates by reference its responses to paragraphs 1-50 above as if fully set forth herein.

52. Dell denies all allegations contained in paragraph 52 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 52 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

53. Dell denies all allegations contained in paragraph 53 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 53 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

54. Dell denies all allegations contained in paragraph 54 of Plaintiff's Complaint that pertain to Dell. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 54 of Plaintiff's Original Complaint that pertain to Acer, Inc., Acer America Corp., Gateway Companies, Inc., Gateway, Inc., Lenovo Group, Ltd., and Lenovo (United States) Inc., and therefore denies them.

### Demands for Relief

To the extent a response is necessary, Dell <u>denies</u> that that it has infringed and/or induced or contributed to the infringement of any of the '130, '163, '929, '175, '959, '617, and '025 Patents, and Dell further <u>denies</u> that Plaintiff is entitled to any of the relief they request against Dell in paragraphs a-h of their Prayer for Relief.

### II.   DEFENSES

1. The claims of the '130, '163, '929, '175, '959, '617, and '025 Patents are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

2. Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of any of the '130, '163, '929, '175, '959, '617, and '025 Patents.

3. Plaintiff's claims are limited by the doctrine of prosecution history estoppel.

4. Plaintiff's claims for damages, if any, against Dell are statutorily limited by 35 U.S.C. § 286 and/or § 287.

5. Plaintiff's claims against Dell are barred in whole or in part by one or more of the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

6.  Plaintiff's claims against Dell with respect to the '929, '175, '959, and '025 Patents are barred by doctrine of prosecution laches.

7.  The claims of the '929 Patent are invalid under the judicially created doctrine of obviousness-type double patenting.

8.  Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

### III. COUNTERCLAIMS

#### Parties

9.  Counterclaimant Dell is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

10. On information and belief, counterclaim defendant St. Clair claims to be a corporation existing under the laws of Michigan with a place of business located at 16845 Kercheval Avenue, Suite No. Two, Grosse Ponte, Michigan 48230.

#### Jurisdiction and Venue

11. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

12. Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

#### Count One – Declaratory Relief Regarding Non-Infringement

13. Based on the filing by Plaintiff of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly

and/or indirectly infringed any valid claim of the '130, '163, '929, '175, '959, '617, and '025 Patents.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of the '130, '163, '929, '175, '959, '617, and '025 Patents, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two – Declaratory Relief Regarding Invalidity

15. Based on the filing of this suit by Plaintiff and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '130, '163, '929, '175, '959, '617, and '025 Patents.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the '130, '163, '929, '175, '959, '617, and '025 Patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## IV.    EXCEPTIONAL CASE

17. To the extent this is an exceptional case under 35 U.S.C. § 285, Dell is entitled to recover from Plaintiff Dell's attorneys' fees and costs incurred in connection with this action.

## V.    RESERVATION OF RIGHTS

18. Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## VI. PRAYER

Dell prays *that*:

(a) Plaintiff's Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered against Plaintiff and in favor of Dell;

(b) Judgment be entered in favor of Dell declaring that each of the claims of the '130, '163, '929, '175, '959, '617, and '025 Patents is invalid;

(c) Judgment be entered in favor of Dell declaring that Dell has not directly or indirectly infringed any claim the '130, '163, '929, '175, '959, '617, and '025 Patents either literally or under the doctrine of equivalents;

(d) Judgment be entered in favor of Dell and against Plaintiff that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285; and

(e) Dell be awarded any such other and further relief as is just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Christopher V. Ryan
Juliet M. Dirba
David D. Hornberger
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8643

Dated: July 9, 2009
924220 / 34480

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttamara-Walker (#4646)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
dmuttamara-walker@potteranderson.com

*Attorneys for Defendant Dell Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 9, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 9, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com | R. Terrance Rader<br>Glenn E. Forbis<br>Justin S. Cohen<br>Charles W. Bradely<br>Rader, Fishman & Grauer, PLLC<br>39533 Woodward Avenue, Suite 140<br>Bloomfield Hills, MI 48304<br>rtr@raderfishman.com<br>gef@raderfishman.com<br>jsc@raderfishman.com<br>cwb@raderfishman.com |

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
D. Fon Muttamara-Walker
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
fmuttamara-walker@potteranderson.com

920488 / 34449/34470/34480