IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,<br><br>*Plaintiff*,<br>v.<br><br>ACER, INC., ACER AMERICA CORPORATION, DELL INC., GATEWAY COMPANIES, INC., GATEWAY, INC., and LENOVO (UNITED STATES) INC.,<br><br>*Defendant*s. | Civil Action No. 09-354-JJF<br><br>JURY TRIAL DEMANDED |

**RULE 16 SCHEDULING ORDER**

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16(a) on September 24, 2009, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

For purposes of this Scheduling Order, each "Defendant Party" is defined as follows:

(1)   "Acer" means Acer, Inc., Acer America Corporation and Gateway, Inc.;

(2)   "Gateway" means Gateway Companies, Inc.;

(3)   "Lenovo" means Lenovo (United States) Inc.;

(4)   "Dell" means Dell Inc.

1.   **Pre-Discovery Disclosures.** The parties will exchange by **October 23, 2009**, the information required by Fed. R. of Civ. P. 26(a)(1) and D. Del. LR 16.1

2.  **Joinder of Other Parties**. All motions to join other parties shall be filed on or before **April 9, 2010.**

3.  **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Stark for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.  **Discovery.** The parties will enter into a separate agreement with respect to the handling of the production of documents responsive to discovery requests as well as confidential material.

    (a) **Infringement Contentions:** Plaintiff will serve its Preliminary Infringement Contentions by **December 1, 2009.** Plaintiff's Preliminary Infringement Contentions will specify (1) which of its claim(s) of its patent(s) it alleges are being infringed; (2) which specific products it alleges infringe each claim; and (3) a complete and detailed explanation of where each individual element of each claim listed in (1) is found in each product listed in (2), subject to reasonable and timely amendments in light of developments in case such as production of discovery and issuance of the *Markman* Order. Plaintiff's Final Infringement Contentions will be served 30 days after issuance of the *Markman* decision.

    (b) **Invalidity Contentions:** No later than **February 12, 2010**, Defendants shall serve on Plaintiff their Preliminary Invalidity Contentions listing the prior art on which they intend to rely (based upon a diligent and good faith search and investigation), and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff, subject to reasonable and timely amendments in light of

developments in the case such as production of discovery, identification of additional prior art, and issuance of the *Markman* Order. Defendants' Final Invalidity Contentions will be served 50 days after issuance of the *Markman* decision.

Within 20 days after Defendants serve Final Invalidity Contentions, Defendants shall serve on Plaintiff certified translations of any prior art provided in its Final Invalidity Contentions.

(c)     **Fact Discovery Cut-Off:** All fact discovery, including third-party fact discovery, shall be commenced so as to be completed by **December 17, 2010**.

(d)     **Interrogatory Limitation:** Plaintiff may serve on each Defendant Party up to twenty-five (25) interrogatories, including subparts. Each Defendant Party may serve up to twenty five (25) interrogatories, including subparts, on Plaintiff. Each Defendant Party may rely upon Plaintiff's responses to the interrogatories served by any Defendant Party.

(e)     **Requests For Admissions Limitation:** Plaintiff may serve up to one hundred (100) Requests for Admission of each Defendant Party and each Defendant Party may serve up to one hundred (100) Requests for Admission on Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence. If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. Each Defendant Party may rely upon Plaintiff's responses to the Requests for Admission served by any Defendant Party.

(f)     **Document Requests:** Document requests by Plaintiff and each Defendant Party shall be unlimited, but if a party believes that any requests served upon it are oppressive,

unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

(g) **Depositions:** Plaintiff shall be limited to a total of four hundred and twenty (420) hours for taking testimony by deposition upon oral examination, excluding expert depositions, provided that Plaintiff shall not take more than one hundred and forty (140) hours of deposition of employees of any single Defendant Party. Defendants collectively shall be limited to a total of two hundred and forty (240) hours for taking testimony by deposition upon oral examination, excluding expert depositions. Except as set forth below, no non-expert deposition shall last longer than seven (7) hours:

(i) Each of the named inventors may be deposed for two seven-hour (7) days;

(ii) Each prosecuting attorney for each of the patents-in-suit may be deposed for two seven-hour (7) days;

(iii) Plaintiff shall be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of each Defendant Party, and the Defendant Parties shall collectively be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of Plaintiff; and

(iv) Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.6 hours of testimony for every one hour of examination.

(h) **Deposition Locations:** In view of the fact that all parties have filed claims and/or counterclaims, all depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be taken in the continental United States or at an otherwise agreeable location, unless an affected

Party can demonstrate undue hardship. For depositions that must be taken outside of the United States, the Parties shall cooperatively work together to develop the most convenient schedule for such depositions as possible.

   (i)  **Expert Witnesses:** For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 1, 2011**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 1, 2011.** To the extent that Plaintiff presents any evidence of secondary considerations of patent validity in its expert reports, Defendants shall have the right to submit a supplemental report responding to these arguments. If such a report is needed, the parties shall agree on a schedule for its submission. Draft expert reports, any expert's personal notes and communications between any expert and counsel shall not be discoverable. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery, including all depositions, shall be completed by **April 1, 2011**.

   5.  **Non-Case Dispositive Motions.**

   (a)  Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm

   (b) At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

   (c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov

  6. **Amendment of the Pleadings**. Motions to amend or supplement the pleadings shall be filed on or before November 10, 2010.

  7. **Case Dispositive and *Daubert* Motions**. For all case dispositive and *Daubert* motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 2, 2011**; responsive briefs shall be filed on or before **June 2, 2011**; and reply briefs shall be filed on or before **June 16, 2011**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

  8. **Claim Construction Issue Identification**. On **April 9, 2010**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **May 7, 2010**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) to the intrinsic evidence and extrinsic evidence in support of their respective proposed constructions, subject to good faith supplementation during claim construction briefing. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. **Claim Construction Briefing**. The parties shall simultaneously file initial briefs on claim construction issues at 4:00 p.m. EST on **May 21, 2010**. The parties' answering/responsive briefs shall be simultaneously filed at 4:00 p.m. EST on **June 18, 2010**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

10. **Hearing on Claim Construction**. Beginning at 10:00 a.m. on **July 9, 2010** the Court will hear evidence and argument on claim construction. The Court, after reviewing the briefing, will allocate time to the parties for the hearing. The Court may, at its discretion, schedule a technology tutorial for the benefit of the Court prior to the hearing on claim construction.

11. **Applications by Motion.**

   (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any nondispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on procedures for filing non-dispositive motions in patent cases. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

   (b) No facsimile transmissions will be accepted.

   (c) No telephone calls shall be made to Chambers.

(d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

12.  **Separation of Issues.**  The issues of infringement and invalidity will be separated from the issues of inequitable conduct, willfulness and damages for purposes of discovery and trial. This Scheduling Order shall apply to the issues of infringement and invalidity and a new schedule will be issued, as appropriate, to address the issues of inequitable conduct, willfulness and damages.

13.  **Additional Parties:**  The Court is advised that Plaintiff has filed a related case against Apple, Inc., Toshiba Corporation, and related companies, based on the same patents at issue in this case. Accordingly, that case will be consolidated and the schedule set forth herein shall apply, except that the Parties may consult and agree to adjust various dates herein, if necessary to accommodate Apple and Toshiba, but the trial date shall remain unchanged.

14.  **Pretrial Conference and Trial.**  The Court will conduct a pre-trial conference at 11:00am on September 14, 2011. Trial will begin on October 11, 2011.

[SIGNATURES FOLLOW ON NEXT PAGE]

OCT. 3
~~September~~ ____, 2009

_____
UNITED STATES DISTRICT JUDGE

Approved as to form by:

/s/ Richard D. Kirk
Richard D. Kirk
Stephen B. Brauerman
BAYARD
222 Delaware Avenue, Suite 900
P.O. Box 2513 0
Wilmington, DE 19899-5130
Tel: (302) 655-5000
Fax: (302) 429-4208
Email: RKirk@bayardlaw.com
Email: sbrauerman@bayardlaw.com
*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Justin S. Cohen
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel: (248) 594-0600
Fax: (248) 594-0610
Email: rtr@raderfishman.com
Email: cwb@raderfishman.com
Email: gef@raderfishman.com
Email: jsc@raderfishman.com


/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttarnara-Walker (#4646)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
Email: rhorwitz@potteranderson.com
Email: dmoore@potteranderson.com
Email: dmuttarnara-walker@potteranderson.com
*Attorneys for Defendant Lenovo (United States) Inc.*

OF COUNSEL:
Charles E. Miller
Brian D. Siff
Robert G. Gingher
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019
Tel: (212) 277-6500
Email:
millercharles@dicksteinshapiro.com
Email: siffb@dicksteinshapiro.com
Email: gingherr@dicksteinshapiro.com

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttarnara-Walker (#4646)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
Email: rhorwitz@potteranderson.com
Email: dmoore@potteranderson.com
Email: dmuttarnara-walker@potteranderson.com
*Attorneys for Defendant Dell, Inc.*

OF COUNSEL:
Christopher V. Ryan
Juliet M. Dirba
David D. Hornberger
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8400
Email: cryan@velaw.com
Email: jdirba@velaw.com
Email: dhornberger@velaw.com

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
D. Fon Muttarnara-Walker (#4646)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
Email: rhorwitz@potteranderson.com
Email: dmoore@potteranderson.com
Email: dmuttarnara-walker@potteranderson.com

*Attorneys for Defendants Acer, Inc., Acer America Corporation and Gateway, Inc.*

OF COUNSEL:
Kai Tseng
James Lin
Michael C. Ting
Craig Kaufman
Orrick, Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 289-7178
Email: ktseng@orrick.com
Email: jlin@orrick.com
Email: mting@orrick.com