## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 09-354-JJF |
| ACER, INC., ACER AMERICA CORPORATION, DELL INC., GATEWAY COMPANIES, INC., GATEWAY, INC., LENOVO GROUP, LIMITED, and LENOVO (UNITED STATES) INC., | ) ) ) ) ) ) ) | (Consolidated) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 09-704-JJF |
| APPLE INC., TOSHIBA CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., AND TOSHIBA AMERICA INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## INTEL'S OPENING BRIEF REGARDING MOTION TO INTERVENE

OF COUNSEL:

Chad S. Campbell
Timothy J. Franks
PERKINS COIE BROWN & BAIN PA
Suite 2000
2901 N. Central Ave.
Phoenix, AZ 85012
Tel. (602) 351-8000
CSCampbell@perkinscoie.com
TFranks@perkinscoie.com

Dated: April 9, 2010
960944 / 35525

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Proposed Intervenor Intel Corporation*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

I.    FACTUAL BACKGROUND........................................................................... 3

      A.  This Case Is in Its Initial Stages ..............................................................3

      B.  St. Clair's Preliminary Infringement Contentions Accuse the Use of
          Intel Chipset Products to Make Computers ...............................................3

      C.  Intel's Customers Have Demanded Indemnification....................................4

II.   ARGUMENT ................................................................................................. 4

      A.  Intel Is Entitled to Intervene as a Matter of Right.....................................4

          1.    Intel Has a Significant, Protectable interest Related
                to The Property At Issue ................................................................. 4
          2.    The Disposition Of This Action May Impair Intel's Ability
                to Protect Its Interests..................................................................... 6
          3.    Intel's Motion to Intervene is Timely................................................ 7
          4.    The Named Defendants Inadequately Represent Intel's Interests.............. 8

      B.  Alternatively, the Court Should Exercise Its Discretion to Permit Intel
          to Intervene ...........................................................................................9

III.  CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**                                                                                 **PAGE(S)**

*Alabama v. U.S. Army Corps of Eng'rs,*
  229 F.R.D. 669 (N.D. Ala. 2005)...................................................................... 8

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.,*
  296 U.S. 53 (1935)............................................................................................ 4

*Codex Corp. v. Milgo Elecs. Corp.,*
553 F.2d 735, (1st Cir. 1977))........................................................................... 7

*Deutschman v. Beneficial Corp.,*
  132 F.R.D. 359 (D. Del. 1990) ....................................................................... 10

*Engineered Sports Prods. v. Brunswick Corp.,*
  362 F. Supp. 722 (D. Utah 1973)...................................................................... 5

*Fisherman's Harvest, Inc. v. United States,*
  74 Fed. Cl. 681 (2006) ...................................................................................... 6

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.,*
  C.A. No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) .......... 5, 6, 8-9

*Hyland v. Harrison,*
  C.A. No. 05-162-JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) ................... 10

*IBM Corp. v. Conner Peripherals, Inc.,*
  No. C-93-20117, 1994 WL 706208 (N.D. Cal. Dec 13, 1994) ..................... 5, 6

*Katz v. Lear Siegler, Inc.,*
  909 F.2d 1459 (Fed. Cir. 1990) ........................................................................ 7

*Kleissler v. U.S. Forest Serv.,*
  157 F.3d 964 (3d Cir. 1998) .......................................................................... 4, 9

*Lemelson v. Larami Corp.,*
  No. 80CIV6081, 1981 WL 319072 (S.D.N.Y. Mar. 23, 1981)..................... 6, 10

*LG Elecs. Inc. v. Q-Lity Computer, Inc.,*
  211 F.R.D. 360 (N.D. Cal. 2002)...................................................................... 5

*Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.,*
  72 F.3d 361 (3d Cir. 1995) ........................................................................ 4, 6, 8

*Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n,*
   578 F.2d 1341 (10th Cir. 1978) ................................................................................. 7

*N.Y. Pub. Interest Research Group, Inc. v. Regents of Univ. of N.Y.,*
   516 F.2d 350 (2d Cir. 1975) .................................................................................... 9

*Reid v. Gen. Motors Corp.,*
   240 F.R.D. 257 (E.D. Tex. 2006) ......................................................................... 10

*Salem Eng'g Co. v. Nat'l Supply Co.,*
   75 F. Supp. 993 (W.D. Pa. 1948) .......................................................................... 10

*Stewart-Warner Corp. v. Westinghouse Elec. Corp.,*
   325 F.2d 822 (2d Cir. 1963) .................................................................................... 5

*Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.,*
   458 F.3d 1335 (Fed. Cir. 2006) .............................................................................. 5

*Travelsource Corp. v. Old Republic Int'l Corp.,*
   No. 85 C 8116, 1986 WL 3848 (N.D. Ill. Mar. 14, 1986) ..................................... 8

*Trbovich v. United Mine Workers,*
   404 U.S. 528, 538 n.10 (1972) ............................................................................... 8


OTHER AUTHORITIES

Fed. R. Civ. P. 24 .......................................................................................................... 6

Fed. R. Civ. P. 24(a) ..................................................................................................... 4

Fed. R. Civ. P. 24(a)(2) ...................................................................................... 1, 3, 4, 11

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................. 1, 3, 4, 11

Fed. R. Civ. P. 24(c) ..................................................................................................... 3

Intel Corporation ("Intel") hereby moves to intervene in this patent infringement action as a matter of right pursuant to Rule 24(a)(2), or alternatively, to intervene by permission pursuant to Rule 24(b)(1)(B). Intel's motion should be granted because:

(1)  Plaintiff's infringement claims are based in part on the defendants' use of Intel's chipset products to make and sell computers;

(2)  Defendants are well-known computer suppliers and significant customers of Intel's chipset products, which gives Intel a substantial stake in the outcome of this action;

(3)  Intel's presence as a party will promote judicial economy because it will facilitate discovery and accurate evidence presentation and will enable the resolution of all issues relating to the use of Intel's products in one proceeding, thereby eliminating the prospect for multiple lawsuits; and

(4)  The litigation is still in its early stages such that no prejudice will result from Intel's entry as a party.

## INTRODUCTION

Intel seeks to intervene because Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair") has targeted the use and distribution of Intel's chipset products by several of the named defendants who are some of Intel's most significant customers.[1]  Specifically, St. Clair contends that the Intel customer defendants have infringed U.S. Patent No. 5,961,617 (the "'617 patent") by making and selling computers built with Intel chipset products. The chipset products in question help a computer's microprocessor to interact with other parts of the computer such as system memory or display devices. In addition to money damages, St. Clair seeks injunctive relief against defendants' various accused computers. Given the use of Intel's chipset products

---

[1] The Intel customer defendants include Defendants Acer, Inc., Acer America Corporation, and Gateway, Inc. (collectively, "Acer"), Apple Inc. ("Apple"), Dell, Inc. ("Dell"), Lenovo (United States) Inc. ("Lenovo"), and Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America Inc. (collectively, "Toshiba").

in those computers, the injunctive relief, if granted, would directly and significantly injure Intel's own commercial interests.

Intel also seeks to intervene because its defendant customers have demanded that Intel indemnify and defend them against St. Clair's infringement claim under the '617 patent. Those demands have created potential exposure for Intel to the damages St. Clair seeks to recover from defendants for using Intel's chipset products to make and sell computers. Intel should be permitted to intervene and protect its own interests first hand. Moreover, because Intel has other customers who are not named as defendants that use Intel chipset products, Intel should be permitted to eliminate in a single action the cloud of uncertainty that St. Clair's infringement allegations have cast over Intel's products.

Intel's direct participation as a party in this action will benefit the Court and the parties in meaningful ways. Intel's unique knowledge of the design and functionality of its own technology and chipset products will streamline and simplify the litigation. By participating in discovery and evidence presentation, Intel will be able to ensure that any decision on the merits about the '617 patent and Intel's chipset products is based on complete and accurate information. Finally, Intel's participation will not prejudice the rights of any existing party because the litigation is still at an early stage. Document discovery is in the early stages, the process of claim construction remains to be done, fact depositions have not been conducted, and the Court's deadline for motions to add parties has not expired (as of the filing of this motion).

Denying the motion, however, would significantly prejudice Intel and its customers. If Intel is denied the opportunity to defend its technology against St. Clair's allegations, the use of its chipset products may be found to infringe without Intel's ever having had the benefit of a full and fair opportunity to litigate the issues. Intel therefore requests leave to intervene as of right in

this action under Rule 24(a)(2), or in the alternative, seeks the Court's permission to intervene pursuant to Rule 24(b)(1)(B).   In accordance with Rule 24(c), a copy of Intel's proposed Complaint in Intervention is attached as Exhibit A.

## I.      FACTUAL BACKGROUND

### A.      This Case Is in Its Initial Stages

St. Clair initially sued Acer, Dell and Lenovo on May 15, 2009 for infringing several patents, including United States Patent No. 5,961,617, entitled "System and Technique for Reducing Power Consumed by a Data Transfer Operations During Periods of Update Inactivity" (the "'617 patent").   On September 18, 2009, St. Clair filed a second complaint asserting infringement of the same patent by Apple, Inc. and Toshiba (Civil Action No. 09-704-JJF). Neither of the complaints mentioned Intel or any Intel products.

The two actions were consolidated on November 24, 2009.   Pursuant to the Court's scheduling order, fact discovery does not close until December 17, 2010, expert discovery does not close until April 1, 2011, and trial will not start until October 11, 2011. [D.I. 31] Document discovery is in the early stages, and no depositions have been taken.   Moreover, this motion has been filed before the Court's deadline for motions to add parties. [D.I. 31]

### B.      St. Clair's Preliminary Infringement Contentions Accuse the Use of Intel Chipset Products to Make Computers

Intel manufactures and sells chipset products, which are integrated circuits incorporated on a motherboard of a computer to enable components to interact with the microprocessor. Those chipsets include the Intel® 945G Express Chipset and the Mobile Intel® 945GM Express Chipset.   In December 2009 and March 2010, St. Clair served preliminary infringement contentions that assert computers sold by Acer, Apple, Dell, Lenovo, and Toshiba infringe the

'617 patent because they incorporate Intel® 945G Express Chipsets and Mobile Intel® 945GM Express Chipsets. [Declaration of Richard L. Horwitz, Exs. 1-6]

### C.     Intel's Customers Have Demanded Indemnification

Acer, Dell, Lenovo, and Toshiba have already demanded that Intel indemnify and defend them against the allegations of infringement of the '617 patent in this action. [Declaration of Michael Labbee ¶ 2] Other customers may make similar indemnity demands.

## II.    ARGUMENT

Intel is entitled to intervene in this action as a matter of right pursuant to Rule 24(a)(2). Alternatively, the Court should permit Intel to intervene under Rule 24(b)(1)(B).

### A.     Intel Is Entitled to Intervene as a Matter of Right

Under Rule 24(a), an applicant to intervene by right must show that (1) it has a significant protectable interest that relates to the property or transaction at issue in the case; (2) the disposition *may* as a practical matter adversely affect applicant's ability to protect that interest; (3) the application is timely; and (4) representation of the applicant's interest by the existing parties *may* be inadequate. Fed. R. Civ. P. 24(a)(2); *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995) (reversing denial of motion to intervene by right); *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (same). Intel's application meets all four requirements.

#### 1.     Intel Has A Significant, Protectable Interest Related to The Property At Issue

Intervention is routinely granted as of right in patent actions where, as here, accused products incorporate components manufactured by the intervening party. *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (manufacturer's intervention in patent infringement action against its customers was "necessary for the protection of its interest");

4

*Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1344 (Fed. Cir. 2006) ("[T]o the extent that [the interest of the manufacturer of allegedly infringing products] may be impaired by the Texas litigation, [the manufacturer] may seek to intervene in that litigation."); *Stewart-Warner Corp. v. Westinghouse Elec. Corp.*, 325 F.2d 822, 826 (2d Cir. 1963) ("There is no doubt of the propriety of [a party's] intervention as the manufacturer and vendor to [defendants] and others of the equipment alleged by [plaintiff] to be an infringement of its [] patent[s]."); *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, C.A. No. 04-1337-KAJ, 2005 WL 2465898, at *3 (D. Del. May 18, 2005) ("It is impracticable to try an infringement case against 40 some defendants or third-party defendants with many different accused devices, and it is unwise to attempt any such thing when liability depends exclusively upon infringement being found as to an LCD component that the defendants do not manufacture and when at least some of the manufacturers of the LCDs are before the court and are willing to stand behind their products in this litigation.").[2]

In the complaints in these consolidated actions, St. Clair seeks injunctive relief to prevent Intel's customer defendants from continuing to make and sell the computers that stand accused of infringing the '617 patent—computers that use chipset products supplied by Intel and identified in the infringement contentions by St. Clair. As a result, the injunctive relief demanded by St. Clair cannot be granted without direct harm to Intel's commercial interests.

---

[2] *Accord LG* Elecs. *Inc. v. Q*-Lity *Computer, Inc.*, 211 F.R.D. 360, 365 (N.D. Cal. 2002) ("[an intervening manufacturer] has more than a speculative economic interest, as the products that it sells will be at the heart of the [patent infringement] litigation"); *IBM Corp. v. Conner Peripherals, Inc.*, No. C-93-20117, 1994 WL 706208, at *5 (N.D. Cal. Dec. 13, 1994) (intervening manufacturer "played an important role in manufacturing and designing the controllers that allegedly infringed" and "should be able to present facts relevant to whether the controllers actually did infringe"); *Engineered Sports Prods. v. Brunswick Corp.*, 362 F. Supp. 722, 729 (D. Utah 1973) ("[t]he manufacturer is the party of greatest interest in a determination of the patent's validity").

Further, Intel has a substantial and protectable interest given its customers' indemnification and defense demands. *See Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 685 (2006) ("An indemnitor may be allowed to intervene in a lawsuit brought against an indemnitee in order to protect its interest under an indemnity agreement.") (internal citations omitted); *IBM* 1994 WL 706208, at \*5 (patent infringement claims against an indemnitee are in effect claims against the indemnitor); *Lemelson v. Larami Corp.*, No. 80CIV6081, 1981 WL 319072, at \*1-2 (S.D.N.Y. Mar. 23, 1981) (permitting intervention in patent infringement action by manufacturer that had an indemnification obligation). Moreover, Intel has many other customers that incorporate Intel® 945G Express Chipsets and Mobile Intel® 945GM Express Chipsets in their products. Consequently, the potential impact of this litigation on Intel and its customers may extend beyond claims made by those named in this suit.[3]

## 2. The Disposition Of This Action May Impair Intel's Ability To Protect Its Interests

As a general rule, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should ... be entitled to intervene." Fed. R. Civ. P. 24, Advisory Committee Notes, 1966 Amendment. This requirement is satisfied by a showing that the proposed intervenor's interest "*might* become affected or impaired, as a practical matter, by the disposition of the action in [its] absence." *Mountain Top*, 72 F.3d at 368. Here, Intel's ability to protect its interest will be significantly impaired if it cannot intervene. A manufacturer has a strong interest in being heard on validity, infringement and claim construction issues where the accused products incorporate its components. *See Honeywell*, 2005 WL 2465898, at \*4 (in a patent infringement action, a manufacturer's interests "will be impaired or affected, as a practical

---

[3] Whether St. Clair is also asserting patents against products that do not implicate Intel's interest is irrelevant. *See Mountain Top*, 72 F.3d at 368 ("Proposed intervenors need not have an interest in every aspect of the litigation. They are entitled to intervene as to specific issues so long as their interest ... is significantly protectable.").

matter, by the disposition of the action, unless it is involved in the case directly and able to make its positions [on validity and infringement] known").

Even if the result in this case may not have preclusive effects on Intel or its other customers, Intel's relationship with its customers will be affected if, as a practical matter, the outcome in this case effectively prohibits its customers from selling products that incorporate Intel chipset technology. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products") (citing *Codex Corp. v. Milgo Elecs. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)); *LG Elecs.*, 211 F.R.D. at 365 (a manufacturer's legally protectable interest "will unquestionably be impaired" if injunctive relief is granted and the manufacturer is prohibited from selling its product); *see also Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978) ("there can be little question but that the interests of [a licensee] would be affected" if the parties to the litigation prevail and licenses are revoked).

Finally, as already discussed, Intel has received demands to indemnify and defend its customers. Given the high cost of patent litigation and its potential effects, Intel should be allowed to protect its interests first hand. Intel should not be required to stand back and watch its fate litigated without a say in the outcome.

### 3.    Intel's Motion To Intervene Is Timely

Whether a motion to intervene is timely turns on (1) the stage of the proceedings, (2) potential prejudice to the parties, and (3) the reasons for any delay in applying to intervene. *Mountain Top*, 72 F.3d at 369 (reversing denial of motion to intervene even though "four years had elapsed" before the motion to intervene was filed). Here, Intel is seeking to intervene early in the litigation. Discovery has only started and trial is well over a year away. Intel's motion has

been filed before the deadline for motions to add parties. Intel's intervention will not prejudice any of the existing parties.

There can be no question that Intel has moved timely to intervene. Intel had no reason to intervene initially because St. Clair's complaints did not mention any Intel products. It was only after being advised of the substance of the preliminary infringement contentions in December and March that Intel learned that St. Clair was specifically accusing its chipsets. Intel then promptly filed this motion. *Alabama v. U.S. Army Corps of Eng'rs*, 229 F.R.D. 669, 672 (N.D. Ala. 2005) (motion to intervene was timely when court had not yet conducted proceedings on the merits and intervention would not delay the proceedings); *Travelsource Corp. v. Old Republic Int'l Corp.*, No. 85 C 8116, 1986 WL 3848, at *2 (N.D. Ill. Mar. 14, 1986) (motion to intervene was timely because suit was only six months old and no pleadings had been filed other than the complaint and answer).

### 4.    The Named Defendants Inadequately Represent Intel's Interests

To satisfy the inadequacy requirement, Intel needs to show only that representation of its interest by the current parties "may" be inadequate. Fed. R. Civ. P. 24(a)(2). A "minimal" showing of the potential for inadequate representation is all that is required. *Mountain Top*, 72 F.3d at 368 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

In this case, Intel cannot rely on its customers to protect its interests. A manufacturer like Intel is presumed to have a greater interest than its customers in defending against actions of patent infringement involving its products. In practical terms, it makes more sense for the manufacturer of component parts rather than the customer who uses those parts to litigate issues such as infringement. *Honeywell*, 2005 WL 2465898, at *3 ("[F]rom the perspective of the host of defendants [plaintiff] has chosen to sue, and in the interest of judicial economy, dealing with the manufacturers first is the fairest and most efficient way to proceed.").

Further, the customers do not have the same knowledge or level of expertise that Intel has with its own technology. They incorporate Intel's highly complex chipset products into their computers, but do not design or manufacture the chipset products. Therefore, the customers may not be in a position to assert all applicable non-infringement defenses or invalidity arguments. *Id.* at *4 (because a manufacturer "is uniquely situated to understand and defend its own product, its interests are not adequately represented by existing parties to the litigation").

Moreover, Intel's customers may compromise this case in a way that adversely affects Intel or Intel customers not named as party defendants. Settlement negotiations can begin and the cost of litigation often forces parties to settle without addressing the merits of the claims. *Kleissler*, 157 F.3d at 974 ("It does not strain the imagination to conjure up situations in which Payne and Spilka may face the irresistible temptation to work out settlements that benefit themselves and not the other, competing timber companies. Compromises of that nature might also harm the school districts and municipalities, which have interests inextricably intertwined with, but distinct from, those of the timber companies.").

Additionally, because the customers may have alternative suppliers, the customers may not have so great an interest as Intel does in obtaining findings of invalidity and non-infringement that would apply to the use of Intel's products. Intervention as of right should be granted to one who may potentially present a "more vigorous presentation" of its interests than the existing parties. *N.Y. Pub. Interest Research Group, Inc. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975).

### B.    Alternatively, the Court Should Exercise Its Discretion to Permit Intel to Intervene

Although Intel believes it is entitled to intervene as a matter of right, it moves in the alternative for leave to intervene with permission of the Court pursuant to Fed. R. Civ. P.

24(b)(1)(B).  A court may permit intervention where (1) the application is timely and (2) "the applicant's claim has a question of law or fact in common with the main claim." *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 381-82 (D. Del. 1990).

As discussed above, Intel's application is timely.  *See, e.g., Hyland v. Harrison*, No. Civ. A. 05-162-JJF, 2006 WL 288247, at *4-5 (D. Del. Feb. 7, 2006) (granting permissive intervention where motion was filed five months after commencement of the action and three months after movant became aware of the suit); *Deutschman*, 132 F.R.D. at 382 (granting permissive intervention where the case was "still in the preliminary stages" and only class certification discovery had been conducted).

The second requirement is also satisfied.  The common questions of law and fact include whether the claims asserted in the '617 patent are valid and enforceable and whether they are infringed by the manufacture and sale of computers that incorporate Intel® 945G Express Chipsets and the Mobile Intel® 945GM Express Chipsets.  Intel's Complaint in Intervention, which seeks declaratory judgment of non-infringement, invalidity and unenforceability of the '617 patent, raises questions of law and fact that overlap with the defenses that Intel's customers will likely assert in this action.  *See Reid v. Gen. Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting manufacturer permissive intervention in patent infringement action due to common issues); *Lemelson*, 1981 WL 319072, at *1 (common questions of fact and law exist when validity of patent is essential to both named defendants and intervenor); *Salem Eng'g Co. v. Nat'l Supply Co.*, 75 F. Supp. 993, 996 (W.D. Pa. 1948) (granting permissive intervention to manufacturer in patent infringement action because "'[i]t is plain the applicant's defense and the main action have a question of law and fact in common'").

10

## III.   CONCLUSION

For the foregoing reasons, Intel respectfully requests that the Court grant its Motion to Intervene as a matter of right pursuant to Rule 24(a)(2), or alternatively, to intervene by permission pursuant to Rule 24(b)(1)(B).

POTTER ANDERSON & CORROON LLP

By:   */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Chad S. Campbell
Timothy J. Franks
PERKINS COIE BROWN & BAIN PA
Suite 2000
2901 N. Central Ave.
Phoenix, AZ  85012
Tel.  (602) 351-8000
CSCampbell@perkinscoie.com
TFranks@perkinscoie.com

*Attorneys for Proposed Intervenor Intel
Corporation*

Dated:  April 9, 2010
960944 / 35525

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Horwitz, hereby certify that on April 9, 2010, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on April 9, 2010, the attached document was Electronically Mailed

to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff St. Clair Intellectual
Property Consultants, Inc.*

R. Terrance Rader
Glenn E. Forbis
Justin S. Cohen
Charles W. Bradley
RADER, FISHMAN & GRAUER, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304
stclairteam@raderfishman.com
*Attorneys for Plaintiff St. Clair
Intellectual Property Consultants, Inc.*

Craig R. Kaufman
Kai Tseng
James H. Lin
Helen Li
Michael Ting
ORRICK HERRINGTON &
    SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Acer_St.ClairOrrickteam@orrick.com
*Attorneys for Defendants Acer, Inc., Acer
America Corporation, Gateway, Inc.*

Timothy S. Teter
Elizabeth Stameshkin
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
st.clair-apple-team@cooley.com
*Attorneys for Defendant Apple Inc.*

Christopher V. Ryan
Juliet M. Dirba
David D. Hornberger
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
st.clair-dell-grpplist@velaw.com
*Attorneys for Defendant Dell Inc.*

Charles E. Miller
Brian D. Siff
Paul C. Maier
Robert G. Gingher
Rachel L. Pearlman
Joshua P. Jaffe
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
LENOVO-St.Clair@dicksteinshapiro.com
*Attorneys for Defendant Lenovo (United States) Inc.*

Jeffrey K. Sherwood
Kevin Parton
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
zz-Toshiba-St.Clair@dicksteinshapiro.com
*Attorneys for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc.*

Chad S. Campbell
Timothy J. Franks
PERKINS COIE BROWN & BAIN PA
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
CSCampbell@perkinscoie.com
TFranks@perkinscoie.com
*Attorneys for Proposed Intervenor Intel Corporation*

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

944870 / cons.