**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,**<br><br>*Plaintiff*,<br>v.<br><br>**ACER, INC., et al.,**<br><br>*Defendant*s. | Civil Action No. 09-354-JJF-LPS<br>Civil Action No. 09-704-JJF-LPS<br>**CONSOLIDATED CASES** |
| **MICROSOFT CORPORATION,**<br><br>*Plaintiff*,<br>v.<br><br>**ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,**<br><br>*Defendant*. | Civil Action No. 10-282-JJF-LPS |

**RULE 16 SCHEDULING ORDER FOR CONSOLIDATED CASES**

Civil Action No. 09-354-JJF-LPS and Civil Action No. 09-704-JJF-LPS, both brought by St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), which were previously consolidated for all purposes, and Civil Action No. 10-282-JJF-LPS, brought against St. Clair by Microsoft Corporation ("Microsoft"), should be, and they hereby are, consolidated for purposes of discovery and pre-trial procedure.[1]  The Court has concluded that, for reasons of judicial efficiency and facilitating the administration of justice, and pursuant to Fed. R. Civ. P. 42(a), consolidation for pretrial management is appropriate.

---

[1] For purposes of this Order, and any previous Order in these consolidated cases that has been incorporated by reference herein, "Plaintiff" shall refer to St. Clair Intellectual Property Consultants, Inc., and not to declaratory judgment plaintiff Microsoft Corporation.

The Court having conducted a Rule 16 status conference on June 4, 2010, and having heard from the parties beforehand as to proposals for scheduling these consolidated cases, and having granted the motion of Intel Corporation ("Intel") to intervene in Civil Action No. 09-354-JJF-LPS and Civil Action No. 09-704-JJF-LPS,

IT IS ORDERED that the following schedule shall supersede any previously entered scheduling orders and shall govern these consolidated cases henceforth:

For purposes of this Scheduling Order, each "Defendant Party" (or "Defendants") is defined as follows:

   (1)   "Acer" means Acer, Inc., Acer America Corporation and Gateway, Inc.

   (2)   "Lenovo" means Lenovo,(United States), Inc.

   (3)   "Dell" means Dell Inc.

   (4)   "Toshiba" means Toshiba Corp., Toshiba America Information Sys., Inc., and Toshiba America, Inc.

   (5)   "Apple" means Apple Inc.

   1.   **Pre-Discovery Disclosures.**  To the extent any party has not yet served on all other parties the information required by Fed. R. of Civ. P. 26(a)(1) and D. Del. LR 16.1, it shall do so not later than **June 21, 2010**.

   2.   **Joinder of Other Parties**.  All motions to join other parties shall be filed on or before **November 10, 2010.**

   3.   **Settlement Conference.**  Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.  If the parties agree that they would benefit from a settlement conference, the parties shall contact the

Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

    4.    **Discovery.**

        (a)    **Infringement Contentions:**  Plaintiff will serve its Preliminary Infringement Contentions with respect to Intel by **July 16, 2010.**  Plaintiff's Preliminary Infringement Contentions will specify (1) which of its claim(s) of its patent(s) it alleges are being infringed; (2) which specific products it alleges infringe each claim; and (3) a complete and detailed explanation of where each individual element of each claim listed in (1) is found in each product listed in (2), subject to reasonable and timely amendments in light of developments in case such as production of discovery and issuance of the *Markman* Order.  Plaintiff's Final Infringement Contentions will be served on Intel and each Defendant 30 days after issuance of the *Markman* decision.

        (b)    **Invalidity Contentions:**  No later than **September 16, 2010**, Intel shall serve on Plaintiff their Preliminary Invalidity Contentions listing the prior art on which it inten**ds** to rely (based upon a diligent and good faith search and investigation), and a complete and detailed explanation of what it alleges the prior shows and how that prior art invalidates the claim(s) asserted by Plaintiff, subject to reasonable and timely amendments in light of developments in the case such as production of discovery, identification of additional prior art, and issuance of the *Markman* Order.  Defendants' and Intel's Final Invalidity Contentions will be served  50 days after issuance of the *Markman* decision.

Within 20 days after Defendants and Intel serve Final Invalidity Contentions, Defendants and Intel shall serve on Plaintiff certified translations of any prior art provided in their Final Invalidity Contentions.

(c) **Interim Status Report**. The parties shall file a joint interim report on the status of discovery and the progress of the consolidated cases on **July 8, 2011**.

(d) **Fact Discovery Cut-Off:** All fact discovery, including third-party fact discovery, shall be commenced so as to be completed by **October 7, 2011**.

(e) **Interrogatory Limitation:** Plaintiff may serve on each Defendant Party, Intel and Microsoft up to twenty-five (25) interrogatories, including subparts. Each Defendant Party, Intel and Microsoft may serve up to twenty five (25) interrogatories, including subparts, on Plaintiff. Each Defendant Party, Intel and Microsoft may rely upon Plaintiff's responses to the interrogatories served by any Defendant Party, Intel or Microsoft.

(f) **Requests For Admissions Limitation:** Plaintiff may serve up to one hundred (100) Requests for Admission of each Defendant Party, Intel and Microsoft and each Defendant Party, Intel and Microsoft may serve up to one hundred (100) Requests for Admission on Plaintiff. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document is (i) authentic; (ii) is a business record; or (iii) otherwise meets a condition for admissibility in evidence. If a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. Each Defendant Party, Intel and Microsoft may rely upon Plaintiff's responses to the Requests for Admission served by any Defendant Party, Intel or Microsoft.

(g) **Document Requests:** Document requests by Plaintiff and each Defendant Party, Intel and Microsoft shall be unlimited, but if a party believes that any requests served upon

it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

    (h) **Depositions:** Plaintiff shall be limited to a total of four hundred and twenty (420) hours for taking testimony by deposition upon oral examination, excluding expert depositions, provided that Plaintiff shall not take more than one hundred and forty (140) hours of deposition of employees of any single Defendant Party, Intel or Microsoft.  Defendants, Intel and Microsoft collectively shall be limited to a total of two hundred and forty (240) hours for taking testimony by deposition upon oral examination, excluding expert depositions.

    (i) Each of the named inventors may be deposed for two seven-hour (7) days;

    (ii) Each prosecuting attorney for each of the patents-in-suit may be deposed for two seven-hour (7) days;

    (iii) Plaintiff shall be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of each Defendant Party, Intel and Microsoft, and the Defendant Parties, Intel and Microsoft shall collectively be limited to twenty-eight (28) hours of deposition testimony under Fed. R. Civ. P. 30(b)(6) of Plaintiff; and

    (iv) Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.6 hours of testimony for every one hour of examination.

    (i) **Deposition Locations:**  In view of the fact that all parties have filed claims and/or counterclaims, all depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be taken in the continental United States or at an otherwise agreeable location, unless an affected party can demonstrate undue hardship.  For depositions that must be taken outside of the United

States, the Parties shall cooperatively work together to develop the most convenient schedule for such depositions as possible.

(j) **Expert Witnesses:** For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 5, 2011**— e.g., Plaintiff St. Clair's initial expert reports shall cover infringement and damages; the Defendant Parties', Intel's and Microsoft's initial expert reports shall cover invalidity and unenforceability (if any).[2] The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 2, 2011**. To the extent that Plaintiff presents any evidence of secondary considerations of patent validity in its expert reports, Defendants, Intel and Microsoft shall have the right to submit a supplemental report responding to these arguments. If such a report is needed, the parties shall agree on a schedule for its submission. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery, including all depositions, shall be completed by **October 7, 2011**. The Stipulation and Order Regarding Discovery of Expert Witnesses filed in Civil Action 09-354-JJF-LPS on June 1, 2010 (D.I. 175) and approved by the Court on June 2, 2010 shall apply to all parties in these consolidated cases.

5. **Applications by Motion.** Except as otherwise set forth herein, any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (as amended effective April 30, 2010). Any

---

[2] For the avoidance of doubt, Microsoft and Intel shall not issue and serve initial experts report regarding noninfringement.

nondispositive motion shall contain the statement required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and approval.

      6.      **Discovery Motions.**  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a teleconference.  Not less than forty eight (48) hours prior to the teleconference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  Not less than twenty four (24) hours prior to the teleconference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining the party's reasons for opposition.  If any document is filed under seal, the filing party shall deliver a copy of the sealed document(s) within one (1) hour of filing.

      7.      **Amendment of the Pleadings**.  Any motions to amend or supplement the pleadings shall be filed not later than **November 10, 2010**.

      8.      **Case Dispositive and *Daubert* Motions**.  For all case dispositive and *Daubert* motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 4, 2011**; responsive briefs shall be filed on or before **December 2, 2011**; and reply briefs shall be filed on or before **December 16, 2011**.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

      9.      **Claim Construction Issue Identification**.  On **November 12, 2010**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) along with an identification of whether a term shall be construed under section 112(6) and an identification of the corresponding structure, if there is any.  This document will not be filed with the Court. Subsequent to

exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **December 10, 2010**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) to the intrinsic evidence and extrinsic evidence in support of their respective proposed constructions, subject to good faith supplementation during claim construction briefing. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. **Claim Construction Briefing**. The parties shall simultaneously file Claim Construction Opening Briefs at 4:00 p.m. EST on **January 14, 2011**, and shall simultaneously file Claim Construction Answering Briefs at 4:00 p.m. EST on **February 11, 2011**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Unless otherwise ordered by the Court, Claim Construction Opening Briefs and Claim Construction Answering Briefs shall be limited to thirty (30) pages.

11. **Tutorial.** The parties shall present a tutorial to the Court on the technology at issue in these consolidated cases on **November 19, 2010** beginning at 10:00 a.m. The parties shall arrange to have the tutorial videotaped and shall deliver a copy of the taped tutorial to chambers not later than the completion of claim construction briefing.

12. **Hearing on Claim Construction**. Beginning at 10:00 a.m. on **March 4, 2011,** the Court will hear evidence and argument on claim construction. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

13. **Reliance Upon Advice of Counsel.**  Defendants, Intel and Microsoft shall disclose to Plaintiff any advice of counsel that they may rely upon as a defense to willful infringement no later than fifty (50) days after the Court issues its claim construction ruling.

14. **No Bifurcation.**  The Court's previous order bifurcating the issues of infringement and invalidity from the issues of inequitable conduct, willfulness and damages for purposes of discovery and trial (D.I. 31 in Civil Action 09-354-JJF-LPS) is hereby vacated. Discovery on all triable issues shall proceed concurrently.

15. **Status Conference**.  The Court shall hold a status teleconference on **October 19, 2011** beginning at 10:00 a.m.  Plaintiff's counsel shall initiate the call.  The parties shall be prepared to address the matters set forth in the Interim Status Report required by paragraph 4(e) herein, the status of mediation, and the progress of the consolidated cases toward trial.

16. **Pretrial Conference.**  The Court will hold a pre-trial conference on **April 1, 2012** beginning at 10:00 a.m.  The parties shall file the Pre-Trial Order not later than **March 18, 2012**, and shall otherwise follow the deadlines set forth in Local rule 16.3(d).  The Court will defer until the pre-trial conference, if not sooner, the number of trials these consolidated cases will entail, the issues that will be addressed in each trial, the length of said trials, or the commencement date of said trials.

AGREED AS TO FORM:

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 2513 0
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff*
*St. Clair Intellectual Property Consultants, Inc.*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Justin S. Cohen
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600
rtr@raderfishman.com
cwb@raderfishman.com
gef@raderfishman.com
jsc@raderfishman.com

POTTER ANDERSON & COROON LLP

/s/ David E. Moore
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Lenovo (United States) Inc.*

OF COUNSEL:
Charles E. Miller
Brian D. Siff
Robert G. Gingher
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019
(212) 277-6500
millercharles@dicksteinshapiro.com
siffb@dicksteinshapiro.com
gingherr@dicksteinshapiro.com

|  |  |
|---|---|
| POTTER ANDERSON & COROON LLP | OF COUNSEL:<br>Constance S. Huttner<br>Vinson & Elkins LLP<br>666 Fifth Avenue, 26th Floor<br>New York, NY  10103<br>(212) 234-0040<br>chuttner@velaw.com |
| /s/ David E. Moore<br>Richard L. Horwitz (rh2246)<br>David E. Moore (dm3983)<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>*Attorneys for Defendant Dell, Inc.* | Christopher V. Ryan<br>Juliet M. Dirba<br>David D. Hornberger<br>Vinson & Elkins LLP<br>2801 Via Fortuna, Suite 100<br>Austin, TX 78746<br>(512) 542-8400<br>cryan@velaw.com<br>jdirba@velaw.com<br>dhornberger@velaw.com |
| POTTER ANDERSON & COROON LLP | OF COUNSEL:<br>Kai Tseng<br>James Lin<br>Michael C. Ting<br>Craig Kaufman<br>Orrick, Herrington & Sutcliffe<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>(650) 289-7178<br>ktseng@orrick.com<br>jlin@orrick.com<br>mting@orrick.com<br>ckaufman@orrick.com |
| /s/ David E. Moore<br>Richard L. Horwitz (rh2246)<br>David E. Moore (dm3983)<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>*Attorneys for Defendants Acer, Inc., Acer America Corporation and Gateway, Inc.* |  |

POTTER ANDERSON & COROON LLP

/s/ David E. Moore
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc.*

OF COUNSEL:
Jeffrey K. Sherwood
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
(202) 420-3602
sherwoodj@dicksteinshapiro.com

POTTER ANDERSON & COROON LLP

/s/ David E. Moore
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Intel Corporation*

OF COUNSEL:

Chad S. Campbell
Timothy J. Franks
PERKINS COIE BROWN & BAIN PA
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 351-8000

13

| FISH & RICHARDSON, P.C. | OF COUNSEL: |
|---|---|
| /s/ Tara D. Elliot | Lauren A. Degnan |
| William J. Marsden, Jr. (wm2247) | Brian T. Racilla |
| Tara D. Elliot (te4483) | FISH & RICHARDSON P.C. |
| Linhong Zhang (lz5083) | 1425 K Street, N.W., 11th Floor |
| 222 Delaware Avenue, 17th Floor | Washington, D.C. 20005 |
| P.O. Box 1114 | (202) 783-5070 |
| Wilmington, DE 19899-1114 | |
| (302) 652-5070 | and |
| marsden@fr.com | |
| elliot@fr.com | Robert E. Hillman |
| lwzhang@fr.com | FISH & RICHARDSON P.C. |
| *Attorneys for Defendant Microsoft Corporation* | 225 Franklin Street |
| | Boston, MA 02110 |
| | (617) 542-5070 |

IT IS SO ORDERED THIS \_\_\_\_ DAY OF JUNE, 2010

_____
UNITED STATES DISTRICT JUDGE