**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,** | |
| *Plaintiff,* | Civil Action No. 09-354-JJF-LPS |
| v. | Civil Action No. 09-704-JJF-LPS |
| | **CONSOLIDATED CASES** |
| **ACER, INC., et al.,** | |
| *Defendant*s. | |

**ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.,**

*Plaintiff,*

v.

**ACER, INC., et al.,**

*Defendant*s.

---

**MICROSOFT CORPORATION,**

*Plaintiff,*

v.

**ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.,**

*Defendant.*

Civil Action No. 10-282-JJF-LPS

---

**STIPULATED PROTECTIVE ORDER FOR CONSOLIDATED CASES**

---

The parties in the above-captioned case agree that each party may assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary, and which may cause a producing party to suffer serious competitive harm if the information is made available to customers, competitors, or to the public.  The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party or parties certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than the above-captioned cases, and shall not be disclosed except as provided by this

Stipulated Protective Order.  A producing party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information.  In addition, the parties contemplate that confidential information may be produced by a non-party.  The parties therefore seek to facilitate the production and protection of such information. Accordingly, based upon the agreement of the parties and for good cause shown, it is hereby ordered pursuant to Fed. R. Civ. P. 26(c) that the following procedure shall be adopted for the protection of confidential and proprietary information:

1.      **Definitions.**  As used in this Stipulated Protective Order, these terms have the following meanings:

a.      "Confidential Material" means information designated in accordance with Paragraph 3(a) and not excluded by Paragraph 3(d);

b.      "Highly Confidential Material" means information that is the subset of Confidential Information designated in accordance with Paragraph 3(b) and not excluded by Paragraph 3(d);

c.      "Materials" includes all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

d.      "Protected Material" includes Confidential, Highly Confidential, Highly Confidential – Subject to Prosecution Bar, and Highly Confidential – Source Code Material.

e.      "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

f.      "Party Group" or "Party" means a party or affiliated parties, as delineated here:

•       St. Clair Intellectual Property Consultants, Inc.

2

- Acer, Inc., Acer America Corporation, Gateway, Inc.

- Dell, Inc.

- Gateway Companies, Inc.

- Lenovo (United States), Inc.

- Apple Inc.

- Toshiba Corporation

- Microsoft Corporation

- Intel Corporation

g. "Requesting Party Group" or "Receiving Party Group" means the Party Group, or a party within a Party Group, that requests or receives the disclosure of Protected Material.

h. "Producing Party Group" or "Producing Party" means the Party Group, or a party within a Party Group, that possesses, owns or otherwise controls the Protected Material requested by the Requesting Party Group.

2. **Scope.** This Protective Order shall govern the handling of Protected Materials produced or disclosed in the above actions, including but not limited to Protected Materials that are produced pursuant to any applicable rules, a written discovery request or subpoena, and/or used during the trial or any proceeding in this action.

3. **Designation of Protected Material.**

a. <u>Confidential Material.</u>  In responding to a request for discovery, any party or third party may designate for confidential treatment pursuant to this Protective Order any Material that it considers to contain trade secrets or other sensitive business, commercial, or technical information ("Confidential Material").  The term Confidential Material also encompasses the information contained within any Confidential Material.

b. <u>Highly Confidential Material.</u>  In responding to a request for discovery, any party or third party may designate for highly confidential treatment pursuant to this

Protective Order any Material that it considers to contain trade secrets or other confidential information that is entitled to a higher level of protection than Confidential Material due to its commercial sensitivity and the likelihood of harm resulting from its disclosure ("Highly Confidential Material").  The term Highly Confidential Material also encompasses the information contained within any Highly Confidential Material.  Highly Confidential – Source Code Material is a type of Highly Confidential Material.

      c.    <u>Highly Confidential – Subject To Prosecution Bar Material</u>.  In responding to a request for discovery, any party or third party may designate for highly confidential-subject to prosecution bar treatment pursuant to this Protective Order any material that qualifies as "Highly Confidential Material" and that the designating party or third party considers to contain technical trade secrets.  ("Highly Confidential – Subject to Prosecution Bar Material").  The term Highly Confidential – Subject to Prosecution Bar Material also encompasses the information contained within any Highly Confidential – Subject to Prosecution Bar Material.

      d.    <u>Exclusions.</u>  Material and/or information contained therein is not Confidential or Highly Confidential if it is disclosed in a publically available printed publication (e.g., advertising materials), is otherwise known to the general public, was disclosed in a document submitted to any governmental entity without a request for confidential treatment, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient without obligation of confidentiality by means not constituting a breach of this Order.

    4.    **Designation Procedure.**

      a.    Documents or other material (apart from depositions) may be designated by affixing the legend "Confidential" or "Highly Confidential" to each page containing any

Protected Material, except that, in the case of multi-page documents bound together by staple or

other binding, the legend need only be stamped on the first page of the document in order for the

entire document to be treated as Protected Material.

        b.      Non-paper media (e.g., videotape, audiotape, computer disks, etc.) may be

designated by affixing the legend "Confidential" or "Highly Confidential" on the medium, if

possible, and its container, if any, so as to clearly give notice of the designation.  Such

designation is deemed to apply to the medium itself and to the material and information

contained therein.  If any items produced in a non-paper medium are printed or otherwise

duplicated by the propounding party who receives the material (the "Receiving Party"), the

Receiving Party must mark each page of the duplicate with the confidentiality designation.

        c.      Depositions or other proceedings on the record, including the trial, may be

designated (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by

written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a

copy of the final transcript thereof (in the interim all deposition transcripts and testimony should

be treated as Highly Confidential).  In both of the foregoing instances, the designator must

specify which portions of the transcript qualify as Confidential, Highly Confidential, Highly

Confidential – Subject to Prosecution Bar, or Highly Confidential – Source Code Material and

must direct that an appropriate legend be affixed to the first page of the original and all copies of

the pages of the transcript that contain the Protected Material.  The deposition of any witness (or

any portion of such deposition) that encompasses Protected Material shall be taken only in the

presence of persons who are qualified to have access to such information.

        5.      **Use of Protected Material.**  Protected Material shall only be used for purposes of

the above-captioned cases.  Confidential Material and Highly Confidential Material shall not be

used in any other litigation, arbitration or administrative or judicial proceeding (including, without limitation, any patent reexamination proceedings instituted in the United States Patent and Trademark Office) without prior written authorization by the Producing Party or order of the Court.

 6. **Access to Confidential Material.**  Access to any Confidential Material shall be limited to:

  a. This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

  b. The Receiving Party's outside counsel of record, their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, except that unless otherwise agreed, no outside counsel for a defendant[1] in this matter shall have access to Protected Material produced by another defendant to Plaintiff[2] in this matter[3];

  c. In-house counsel representatives for each Party, which shall number no more than three (3) for each Party at any one time, so long as their duties and responsibilities require access to Protected Material and they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that unless otherwise agreed, no in-house counsel for a defendant in

---

[1] As used in this Order, the term "defendants" refers to Acer, Apple, Dell, Gateway, Intel, Lenovo, Microsoft, and Toshiba.
[2] As used in this Order, the term "plaintiff" refers to plaintiff St. Clair Intellectual Property Consultants, Inc. and not declaratory judgment plaintiff Microsoft Corp.
[3] This provision does not apply to documents produced in response to a subpoena served by one defendant on another defendant.

this matter shall have access to Protected Material produced by another

defendant to Plaintiff in this matter;

d.      Court reporters retained by one of the parties to transcribe testimony in this

litigation, who do transcribe such testimony, to the extent that the Protected

Material is produced during the transcription;

e.      Outside experts and consultants retained by at least one Party or their

counsel for purposes of this litigation, including their support,

administrative and clerical staff, provided that (a) disclosure is only to the

extent necessary to perform such work, (b) that there are no unresolved

objections to such disclosure after proper notice has been given to all

parties as set forth in Paragraph 11 below; (c) that such experts are not

presently and have no current plans to become employees of any of the

Parties or their competitors; and (d) that such experts or consultants agree

in writing to be bound by this Protective Order by signing Exhibit A;

f.      Outside vendors, including any individual or organization that provides

photocopying, document processing or other document-related services,

data management support, translation, or graphics services as part of

discovery or preparation and trial of the Litigation (but excluding jury

consultants and mock jurors; see Paragraph 14), having first agreed to be

bound by the provisions of the Protective Order by signing a copy of

Exhibit A;

g.      Any person as to whom it is apparent from the face of the document that

such person was either an author or recipient of the Protected Material, or a

person as to whom it had been reasonably established is an author or

recipient of such information prior to the intended disclosure in this action;

h.   <u>Witnesses</u> at deposition or at trial, and their counsel, who were affiliated

with the Producing Party at the time of the testimony or at the time the

Protected Material, or the document containing the Protected Material was

created; and

i.   Any person for whom prior authorization is obtained from the Producing

Party in writing or the Court.

7.   **Access to Highly Confidential Material.**   Access to any Highly Confidential

Material (including Highly Confidential – Subject to Prosecution Bar Material) shall be limited

to the persons designated in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., 6h., and 6.i.  Persons

designated in Paragraph 6.c. ("In-house counsel representatives") are strictly prohibited from

viewing any information designated "HIGHLY CONFIDENTIAL," except that In-house

counsel, including the clerical employees of such counsel (including secretaries, paralegals, and

clerks) actually assisting such counsel in preparation of this case shall be allowed access to St.

Clair's Highly Confidential Material.

8.   **Access to Source Code.**  Source Code shall be designated "HIGHLY

CONFIDENTIAL – SOURCE CODE" and subject to additional protections given the

particularly sensitive nature of the information.  Such information shall be produced for

inspection and review subject to the following provisions, unless otherwise agreed by the

Producing Party:

(a)   <u>Disclosure of Source Code</u>.  Unless otherwise ordered by the Court or permitted

in writing by the Producing Party, a Receiving Party may disclose any information or item

designated "Highly Confidential - Source Code" only to those categories of individuals listed in

Paragraphs 6.a., 6.b., 6.d., 6.e., and 6.g. subject to the restrictions therein.  Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing any information designated "HIGHLY CONFIDENTIAL - SOURCE CODE."  Unless otherwise agreed and notwithstanding any other provision of this Order, except the provisions in Paragraph 9 with respect to third party suppliers or any supplier-defendant, no defendant, including its outside counsel in this matter, shall have access to another defendant's proprietary Source Code in this matter.

(b)     <u>Manner of Production</u>.  A single electronic copy of source code or executable code shall be made available for inspection on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer").  The Source Code Computer shall be password protected and supplied by the Producing Party.  Any Source Code that is produced by Defendants will be made available for inspection at the office of its outside counsel or any other location mutually agreed by the parties.  Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

Prior to the first inspection of any requested piece of Code, the requesting party shall provide twenty-one (21) days notice of the Source Code that it wishes to inspect.  The requesting party shall provide seven (7) days notice prior to any additional inspections.

Access to the Source Code Computer shall be permitted, after notice to the Producing Party and an opportunity to object, to two (2) outside counsel representing the Receiving Party and two (2) experts retained by the Receiving Party.  These individuals must be authorized to view Highly Confidential Material under the terms of this Order.  The Receiving Party shall maintain a log recording the identity of the outside counsel and/or experts accessing the source

code, the date of access, and the time the access began and ended. The log shall be produced to the Producing Party upon request.

No recording devices (including cell phones, PDAs, or cameras) or recordable media will be permitted inside the source code review room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and that no information concerning the Source Code are being created or transmitted in any way.

(c)     No electronic copies.  A Receiving Party shall not make any electronic copies of source code, in whole or in part.  This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view, search, or analyze source code.

(d)     Limitations on Print-outs.  The Receiving Party may print limited portions of the source code only when narrowly tailored and reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case.  Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time.  The Receiving Party shall not print source code in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer.  For each printed portion of the Source Code, the Receiving Party shall record the corresponding file path and shall associate that file path with the printed source code.  Upon printing any such portions of Source Code, the printed pages and their corresponding file paths shall be collected by the Producing Party.  Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper.  After printing, the Producing Party shall clearly label each page of any printed copies "Highly Confidential - Source Code" and give each page a unique identification number.  The Producing Party shall make a good faith effort to provide a copy of the labeled and numbered copies on

yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within two business days.

The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper solely to facilitate analysis of such Source Code by an expert authorized to view Highly Confidential Material under the terms of this Order.  All printed copies of source code shall be securely maintained in a locked room or cabinet at the office of Outside Counsel of the Receiving Party when not in use and shall be destroyed as soon as they are no longer needed.  Printed copies of source code may be reviewed at the office of Outside Counsel of the Receiving Party by Outside Counsel or the Receiving Party's Experts, but may not be removed from the office of Outside Counsel except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential" information if necessary.

(e)    Use of Source Code at Depositions.  For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least three (3) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The Producing Party shall retain all copies of Source Code brought to the deposition.

(f)    Inclusion of Source Code in Filings.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, such filing shall not include more than five (5) pages of Source Code, and the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the

Source Code.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view Source Code under the provisions of this Protective Order.

(g)  <u>Final Disposition of Source Code</u>.  At the conclusion of this action (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be returned to the Producing Party or, at the Producing Party's choosing, the Receiving Party shall certify that all printed copies of source code have been destroyed.

9.  **Access to Third Party Protected Material.**  Defendants' outside counsel shall have access to any third party's Protected Material and to the Protected Material of any third party supplier (including a later added supplier-defendant) relating to the structure or operation of any part or component of any accused product that is supplied or manufactured by such third party or supplier irrespective of whether such information is produced by another defendant or directly by the third party or by any supplier-defendant.

10.  **Handling of Confidential Materials.**  Any person in possession of Protected Materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 6, and only as specified in this Stipulated Protective Order.

11.  **Subscription to Protective Order.**  Other than court personnel, every person given access to Protected Material shall be advised that the material or information is being

disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed

other than pursuant to the terms thereof.  All persons listed in paragraphs 6.c., 6.e., 6.f., and 6.h.

above who are given access to Protected Material shall be required to confirm their

understanding and agreement to abide by the terms of this Protective Order by signing and dating

a copy of Exhibit A.  At least ten (10) days before any expert, consultant or other person listed in

paragraphs 6.e is given access to Protected Material, the Receiving Party shall serve on the

relevant Producing Party (a) the signed Exhibit A; (b) a written identification of the person; and

(c) a copy of the person's curriculum vitae, a list of all past and present employment or

consulting relationships, a list of all patents and patent applications on which the person is listed

as an inventor, and a list of the cases in which the person has testified at deposition or trial within

the last five (5) years.  The party proposing to make the disclosure must make a reasonable

investigation to determine if that expert or consultant is affiliated either personally or

professionally with a competitor of the producer and, if so, must specifically describe that

affiliation in the written identification of the expert or consultant.  Within ten (10) days after

such notification, counsel for the party that produced the Protected Material may object to the

disclosure of its Protected Material if the Producing Party has good cause to object to the

disclosure (which does not include challenging the qualifications of the expert or consultant).  If

such objection is made, the Parties shall use their best efforts to promptly resolve the dispute, but

if the Parties are unable to reach a resolution, the Producing Party may move for a protective

order precluding the disclosure of the information to such person within ten (10) days after the

objection.  Where objection is made, no Protected Material shall be disclosed to such person

until the day after the last day to file a motion for a protective order (where no protective order is

sought), or upon entry of the Court's order denying the Producing Party's motion for protection.

12.     **Use of Protected Material to Support Claims or Contentions.**

Notwithstanding any other provision of this Order, no party may use Protected Material to

support its claims or contentions unless such Protected Material has been produced to or by the

party or parties against whom such claims or contentions are made.  Any party wishing to

produce information or material that has been designated by another party (the "Designating

Party") must meet and confer with the Designating Party at least five (5) calendar days before

any such production.  In the event of a dispute over such production, the Designating Party may

make a motion to the Court for further protections within five (5) calendar days of the meet and

confer, and no production shall be made until the dispute is resolved.

13.     **Prosecution Bar.**  Absent the written consent of the Producing Party, any

individual Plaintiff's Counsel (outside or in-house) that learns of or reviews Source Code

Material or material designated and labeled "Highly Confidential – Subject to Prosecution Bar"

shall not be involved in the prosecution of the patents asserted in this action, or any application

claiming priority to the patents asserted in this action, or any other patents or patent applications

that (1) involve the particular technology or information disclosed in the Source Code Material

or material designated and labeled "Highly Confidential- Subject to Prosecution Bar" or (2)

claim (a) power management methods or technology; (b) pluggable computer cards methods or

technology; (c) bus signaling methods or technology; or (d) graphics compression technology

(collectively, the "Barred Technology Areas") before any foreign or domestic agency responsible

for the issuance of patents, including the United States Patent and Trademark Office.  For

purposes of this paragraph, "prosecution" includes, without limitation:  (i) the drafting or

amending of patent claims, or the supervising of the drafting or amending of patent claims; (ii)

participating in or advising on any amendment to claims in a reexamination or reissue

proceeding; and (iii) advising any client concerning strategies for obtaining patent rights in Barred Technology Areas.  This prosecution bar is personal to the person receiving such Material and shall not be imputed to any other person or entity.  For each individual subject to this Protective Order who receives and reviews or otherwise learns of Source Code Material or material labeled "Highly Confidential – Subject to Prosecution Bar," the prohibition on patent prosecution shall begin for such individual upon receipt and review or otherwise learning of any Source Code Material or material labeled "Highly Confidential – Subject to Prosecution Bar," and such prohibition shall end one (1) year after the final resolution of this action, including all appeals.  Materials labeled as "Highly Confidential – Subject to Prosecution Bar" shall be treated in all other respects as "Highly Confidential" material.

14.     **Use of Mock Jurors.**  A Party may not disclose to mock jurors any original, as-produced materials (including, for example, documents, source code, or interrogatory responses) produced by another Party designated as Confidential, Highly Confidential, or Source Code.  A Party may, however, disclose to mock jurors (1) transcripts or recordings of Confidential or Highly Confidential testimony; and (2) arguments and materials prepared by its outside counsel that are derived from as-produced materials, so long as the derivative materials do not include the as-produced material itself.  Before hearing arguments or reviewing materials that were derived from Protected Material, each mock juror must sign an undertaking or agreement agreeing not to publicly disclose such arguments and materials and to keep such arguments and materials confidential.

15.     **Withholding of Material Based on Third Party Confidentiality.**  Should any Party withhold documents on the basis of third-party confidentiality obligations, that party will provide to the Requesting Party: (1) the name of the third party; (2) the nature of the withheld

information; (3) the dates of the documents; and (4) any efforts made to obtain the permission of the third party to produce the confidential information.

16. **Inadvertent Production of Privileged or Otherwise Protected Information.** The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine.  Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error.  Upon reasonably prompt written request of the person that produced such information, the receiver of such information must promptly return the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.

17. **Inadvertent Failure to Properly Designate Documents.**  Failure to designate Protected Material as Confidential, Highly Confidential, Highly Confidential – Subject to Prosecution Bar, or Highly Confidential – Source Code at the time of production shall not waive a party's right to add such designations later.  However, no party shall be deemed to have violated this Protective Order if, prior to any later designation, Protected Material has been disclosed or used in a manner inconsistent with such later designation.  Once a Confidential, Highly Confidential, Highly Confidential – Subject to Prosecution Bar, or Highly Confidential – Source Code designation is made, the Protected Material shall be treated according to its new

designation.  To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.

18.     **Filing Confidential or Highly Confidential Information with the Court.**  If a Party Group files a document containing Confidential or Highly Confidential Information with the Court, all such documents shall be filed electronically under seal as provided for in Local Rule 5.1.3.  The filing party shall serve the sealed document, independently of the CM/ECF system and consistent with the provisions of this Protective Order, upon all parties of record by electronic mail.

19.     **Disclosure in Violation of Protective Order.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement attached as Exhibit A.  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

20.     **Challenges to Designation.**  Any Party Group may object to the designation of information as Confidential, Highly Confidential, Highly Confidential – Subject to Prosecution Bar, or Highly Confidential – Source Code.  Such objection must be made in writing to counsel for the Producing Party, and must provide the basis for the objection.  Any such material shall be

treated as designated until the objection is resolved.  If the Producing Party does not change the designation in response to the objection, the Party Group seeking the change may move for appropriate relief.  In connection with such a motion, the Party Group asserting that the information is Protected Material shall have the burden of establishing that good cause exists for maintaining the designation.

21.     **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.**  This Stipulated Protective Order shall *not* impose any restrictions on (a) the use or disclosure by a Party Group of information or material properly obtained by the Party Group independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a Party Group from disclosing, as it deems appropriate, any information or documents from the Party Group's own files that the party itself has designated as Protected Material.  This Stipulated Protective Order also shall not apply to information that (a) was properly known to the Requesting Party Group before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the Requesting Party Group without access to Protected Material, or (d) is disclosed to the Requesting Party Group by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party Group.

22.     **Return or Destruction Upon Termination of Litigation.**  Upon the termination of this litigation, including any appeals, all documents and other materials designated by a Producing Party Group as Confidential, Highly Confidential, Highly Confidential – Subject to Prosecution Bar, or Highly Confidential – Source Code, including all copies of such materials, shall be returned to the Producing Party Group or at the Producing Party Group's instruction,

destroyed.  Each Party Group's outside counsel, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the Party Groups, but must return any pleadings, correspondence, and consultant work product that contain Source Code.  Any Protected Materials in the archival copy shall remain subject to the provisions of this Order.  All Party Groups shall certify compliance with this Paragraph in writing within 90 days of the termination of the litigation.

23.     **Modification of the Stipulated Protective Order.**  This Protective Order may be modified by written agreement or, failing such agreement, by order of the Court, which shall be binding on all others bound by the terms of this Protective Order.  The Parties expressly reserve their right to request modification of this Order for good cause.

24.     **No Waiver of Claim or Defense.**  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

25.     **Injunctive Relief.**  If any person violates or threatens to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved party or Party Group may immediately apply to obtain injunctive relief against any such person.  The parties agree that, if the aggrieved party or Party Group demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party or Party Group will be irreparably harmed.

26.     **Subpoena or Court Order.**  If a Requesting Party Group (or any other person who has obtained Protected Material under the terms of this Protective Order) is served with a

subpoena or a court order that would compel disclosure of any Protected Material, then no more than 14 days after receiving the subpoena or order, the Requesting Party Group must (1) notify the Producing Party Group, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to nondisclosure constraints under the terms of this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the party that caused the subpoena or order to issue.  Moreover, the Requesting Party Group shall not produce any Protected Material in response to the subpoena before such written notification and for fourteen (14) days thereafter. The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing Party Group an opportunity to seek protection for its Protected Material in the court from which the subpoena or order issued.  The Producing Party Group shall bear the burden and expense of seeking protection in that court.  If such request to the court is made, then the Protected Material shall not be produced until that court rules.  Nothing in this provision should be construed as authorizing or encouraging a Requesting Party Group to disobey a lawful directive from another court.

     27.    **Survival of Protective Order.**  The obligations imposed by this Protective Order shall survive the termination of this litigation.

     28.    **Jurisdiction Retained.**  The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this litigation.

20

SIGNED AND ENTERED this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE


BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 2513 0
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff*
*St. Clair Intellectual Property Consultants, Inc.*


POTTER ANDERSON & COROON LLP

/s/ *David E. Moore*
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Lenovo (United*
*States) Inc.*

OF COUNSEL:
R. Terrance Rader
Charles W. Bradley
Glenn E. Forbis
Justin S. Cohen
Rader, Fishman & Grauer PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI  48304
(248) 594-0600
rtr@raderfishman.com
cwb@raderfishman.com
gef@raderfishman.com
jsc@raderfishman.com


OF COUNSEL:
Charles E. Miller
Brian D. Siff
Robert G. Gingher
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019
(212) 277-6500
millercharles@dicksteinshapiro.com
siffb@dicksteinshapiro.com
gingherr@dicksteinshapiro.com

POTTER ANDERSON & COROON LLP

*/s/ David E. Moore*
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Dell, Inc.*

OF COUNSEL:
Constance S. Huttner
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
(212) 234-0040
chuttner@velaw.com

Christopher V. Ryan
Juliet M. Dirba
David D. Hornberger
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
(512) 542-8400
cryan@velaw.com
jdirba@velaw.com
dhornberger@velaw.com


POTTER ANDERSON & COROON LLP

*/s/ David E. Moore*
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Acer, Inc., Acer
America Corporation and Gateway, Inc.*

OF COUNSEL:
Kai Tseng
James Lin
Michael C. Ting
Craig Kaufman
Orrick, Herrington & Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
(650) 289-7178
ktseng@orrick.com
jlin@orrick.com
mting@orrick.com
ckaufman@orrick.com

POTTER ANDERSON & COROON LLP

*/s/ David E. Moore*
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendants Toshiba Corporation,
Toshiba America Information Systems, Inc., and
Toshiba America, Inc.*

OF COUNSEL:
Jeffrey K. Sherwood
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC  20006-5403
(202) 420-3602
sherwoodj@dicksteinshapiro.com


POTTER ANDERSON & COROON LLP

*/s/ David E. Moore*
Richard L. Horwitz (rh2246)
David E. Moore (dm3983)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant Intel Corporation*

OF COUNSEL:

Chad S. Campbell
Timothy J. Franks
PERKINS COIE BROWN & BAIN PA
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 351-8000


FISH & RICHARDSON, P.C.

 */s/ Tara D. Elliot*
William J. Marsden, Jr. (wm2247)
Tara D. Elliot (te4483)
Linhong Zhang (lz5083)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
marsden@fr.com
elliot@fr.com
lwzhang@fr.com
*Attorneys for Defendant Microsoft Corporation*

OF COUNSEL:

Lauren A. Degnan
Brian T. Racilla
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
(202) 783-5070
and
Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ACER, INC., et al.,**<br><br>*Defendant*s. | Civil Action No. 09-354-JJF-LPS<br>Civil Action No. 09-704-JJF-LPS<br>**CONSOLIDATED CASES** |
| **MICROSOFT CORPORATION,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,**<br><br>*Defendant*. | Civil Action No. 10-282-JJF-LPS |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

_____ declares that:

I reside at _____in the city of_____,

county _____, state of _____.

I am currently employed by _____located at

and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order filed in

Civil Action File No. 09-354-JJF, pending in the United States District Court for the District of

Delaware.  I agree to comply with and be bound by the provisions of the Stipulated Protective

Order.  I understand that any violation of the Stipulated Protective Order may subject me to

sanctions by the Court, civil liability, criminal liability, or any combination of the above.  I

submit myself to the jurisdiction of the United States District Court for the District of Delaware

for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

      I agree to abide by the terms set forth as follows:

      I am an outside expert or consultant designated in accordance with Paragraphs 6.e.

or 6.f. to receive information designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL," or I am an in-house representative designated in accordance with Paragraph

6.c to receive information designated as "CONFIDENTIAL."  I shall not divulge any materials,

or copies of materials, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

obtained in accordance with the Stipulated Protective Order, or the contents of such materials, to

any person other than those specifically authorized by the Stipulated Protective Order.  I shall not

copy or use such materials except for the purposes of this litigation and in accordance with the

terms of the Stipulated Protective Order.

      As soon as is practical, but no later than 30 days after final termination of this

litigation, I shall return any materials in my possession designated "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" to the attorney from whom I received such materials.  I shall also

return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such materials.

      I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____