# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY  )
CONSULTANTS, INC.,                )
                                  )   C.A. No. 09-354-LPS
    Plaintiff,         )   (Consolidated)
                                  )
    v.                 )   **JURY TRIAL DEMANDED**
                                  )
ACER, INC., *et al.*,             )   **PUBLIC VERSION**
                                  )
    Defendants.        )

MICROSOFT CORPORATION,            )
                                  )
    Plaintiff,         )
                                  )
    v.                 )   C.A. No. 10-282-LPS
                                  )
ST. CLAIR INTELLECTUAL PROPERTY   )
CONSULTANTS, INC.,                )
                                  )
    Defendant.         )

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR
## SUMMARY JUDGMENT OF LACHES

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Acer Inc.,
Acer America Corporation, Gateway, Inc., Dell,
Inc., Lenovo (United States), Inc., Toshiba
Corporation, Toshiba America Information
Systems, Inc., Toshiba America, Inc. and
Intervenor Intel Corporation*

William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19899
Tel: (302) 652-5070
marsden@fr.com
elliott@fr.com

*Attorneys for Microsoft Corporation*

Dated: May 25, 2012
Public Version Dated: June 1, 2012

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ..................................... 1

III.  SUMMARY OF ARGUMENT ................................................................................... 2

IV.  STATEMENT OF FACTS ........................................................................................ 3

     A.    The Defendants and ACPI Power Management ....................................... 3

     B.    St. Clair. .............................................................................................. 4

     C.    The Fung Patents .................................................................................. 4

     ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

     E.    St. Clair's Period of Delay ..................................................................... 6

     F.    Evidence Lost Because of St. Clair's Delay ............................................ 10

     G.   St. Clair's Lawsuits and Shifting Theories of Infringement ..................... 12

V.   ARGUMENT ....................................................................................................... 15

     A.    Unreasonable Delay and Prejudice Must Be Presumed for All Defendants
          Except Lenovo Because St. Clair Delayed Over Six Years. .................... 16

     B.    St. Clair Cannot Avoid the Laches Presumption by Disregarding Pre-
          Service Pack 2 Sales or Shifting Its Infringement Theory. ..................... 17

     C.    There Is No Factual Dispute That St. Clair's Delay Was Unreasonable ............... 19

     D.    There Is No Factual Dispute That St. Clair's Unreasonable Delay
          Prejudiced the Computer Defendants. .................................................. 20

VI.  CONCLUSION ................................................................................................... 20

## TABLE OF AUTHORITIES

Page(s)

Cases

A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,
   960 F.2d 1020 (Fed. Cir. 1992) ..................................................................3, 15, 20

Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.,
   No. 05-3117, 2007 WL 1241928 (N.D. Cal Apr. 27, 2007)....................................19

Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.,
   679 F. Supp. 2d 512 (D. Del. Jan. 15, 2010) ..............................................15, 19, 20

Hall v. Aqua Queen Mfg., Inc.,
   93 F.3d 1548 (Fed. Cir. 1996) ...............................................................................19

Humanscale Corp. v. CompX Int'l Inc.,
   C.A. No. 3:09-cv-86, 2010 WL 3222411 (E.D.Va. Aug. 16, 2010) .......................19

Intertech Licensing Corp. v. Brown & Sharpe Manuf. Co., Inc.,
   708 F. Supp. 1423 (D. Del. 1989) ..................................................................3, 16, 17

Northern Telecom, Inc. v. Datapoint Corp.,
   Civ. A. No. CA3-82-1039D, 1992 WL 131549 (N.D. Tex. Jan. 31, 1992) .............16

Ronald A. Smith & Assoc. v. Hutchinson Tech. Inc.,
   C.A. No. 01-03847-WHA, 2002 WL 34691677 (N.D. Cal. Aug. 16, 2002) ...........17

Serdarevic v. Advanced Medical Optics, Inc.,
   532 F.3d 1352 (Fed. Cir. 2008) ..............................................................................10

Symantec Corp. v. Computer Assocs. Int'l, Inc.,
   522 F.3d 1279 (Fed. Cir. 2008) ..............................................................................16

Thomas v. Echostar Satellite LLC,
   C.A. No. 3:05-cv-00494, 2006 WL 3751319 (W.D.N.C. Dec. 19, 2006)...............17

Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA,
   944 F.2d 870 (Fed. Cir. 1991) ................................................................................20

Wanlass v. Gen. Elec. Co.,
   148 F.3d 1334 (Fed. Cir. 1998) ..............................................................................16

Statutes

35 U.S.C. § 286 ...............................................................................................................18

## I.      INTRODUCTION

Acer, Dell, Lenovo, Toshiba, Intel, and Microsoft (collectively, "Defendants") [1] ask the Court to enter summary judgment that St. Clair's claims for pre-suit damages under the Fung patents[2] are barred by the equitable doctrine of laches.

## II.     STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Acer, Dell, Lenovo, and Toshiba are defendants in two consolidated cases. St. Clair v. Acer, Inc. et al., C.A. No. 09-354-LPS ("the '354 action") was filed on May 15, 2009 against Acer, Dell, and Lenovo. [D.I. 01][3] On September 18, 2009, St. Clair filed a second suit, St. Clair v. Apple, Inc. et al., C.A. No. 09-704-LPS ("the '704 action"), that included Apple, Inc. and Toshiba.[4] ['704 action, D.I. 01] In both actions, St. Clair accuses the defendants of infringing the same seven patents. The '354 and the '704 actions have been consolidated for pretrial purposes. ['704 Action, D.I. 15] Intel intervened in the '354 and '704 actions, and St. Clair has accused Intel of being a contributory infringer of five of the same patents. [D.I. 191, ¶¶ 16-19] Microsoft filed a separate declaratory judgment action against St. Clair, seeking a declaration that Microsoft does not infringe the Fung patents[5], and that the Fung patents are invalid. Microsoft Corp. v. St. Clair Intellectual Property Consultants, Inc., C.A. No. 10-282-LPS ( "the '282 action"). St. Clair has counterclaimed that Microsoft is a contributory infringer

---

[1] Herein, "Toshiba" refers collectively to Toshiba Corp., Toshiba America Information Systems, Inc., and Toshiba America, Inc.  Gateway, Inc. is owned by Acer, Inc., and is included in the general references herein to "Acer."

[2] The Fung patents - U.S. Patents Nos. 5,710,929, 5,758,175, 5,892,959, and 6,079,025 - are alternately referred to as the "function call monitoring" in other motions for summary judgment filed by the defendants.

[3] All references to docket indexes refer to the '354 action, unless otherwise specified.

[4] Apple was later severed from this case.

[5] The Fung patents are described further below.

of the Fung patents. ['282 Action, D.I. 8]

Fact and expert discovery have completed, and initial and rebuttal expert reports have been submitted. [D.I. 581] Motions for summary judgment are due on May 25, 2012. [D.I. 621] No date or order for trial has been set.

## III.   SUMMARY OF ARGUMENT

St. Clair's claims for pre-suit damages under the Fung patents are barred by the doctrine of laches. By no later than October 7, 2002, ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

Then, over a six and a half year period between October 7, 2002 and May 15, 2009, St. Clair slept on its rights. This delay is presumptively unreasonable and prejudicial to the Defendants, and St. Clair cannot offer a viable excuse for its delay. St. Clair now attempts to avoid the consequences of its delay,[7] and the laches presumption, by materially shifting its position on infringement and excluding computers with pre-Windows XP Service Pack 2 operating systems from the accused products. St. Clair has compounded its efforts by refusing to

---

[6]As soon as Lenovo began selling its computers in 2005, St. Clair was undoubtedly aware of its activity as well.

[7] A finding of laches would limit damages for each of the '025, '175 and '959 patents to, at most, the period of time between the May 15, 2009 filing of the '354 action and the June 20, 2010 patent expiration. For the remaining Fung patent, the '929 patent, a finding of laches would limit damages to, at most, the period of time between the May 15, 2009 filing of the '354 action and the January 20, 2015 patent expiration.

state whether computers with earlier versions of Windows infringe.  Aside from being factually

flawed and legally inconsequential, St. Clair's tactics are merely "makeweight and afterthought

argument[s], recently concocted in hopes of avoiding the laches defense."  Intertech Licensing

Corp. v. Brown & Sharpe Manuf. Co., Inc., 708 F. Supp. 1423, 1436 (D. Del. 1989).

## IV.    STATEMENT OF FACTS

### A.    The Defendants and ACPI Power Management

Acer, Dell, Lenovo, and Toshiba are computer resellers that sell laptop and/or desktop

computers, among other products.[8]



[Long Rep. of Jan. 27, 2012 at 45, Ex. A]  The ACPI

Specification was initially released on December 22, 1996, by a group of companies including

Microsoft, Intel, and Toshiba.  [Id. at 20]

On July 27, 2000, Revision 2.0 of the ACPI Specification was released.  [Id. at 20]  ACPI

2.0 included the addition of processor performance states, or "P states," described further below.

[Id. at 44-45]  Both ACPI 1.0 and 2.0

describe reduced-power states that computers enter during periods when the full range of the

computer's functionality is not needed.  For example, the ACPI Specification defines a number

---

[8] St. Clair has accused laptop products sold by all of the Computer Defendants.  St. Clair has accused desktop products of some of the Computer Defendants, but not of others.

[9] Lenovo did not begin selling laptops in the United States until 2005, and the six-year presumption of laches under A.C. Aukerman (discussed infra) that applies to Acer, Dell, and Toshiba would not apply to Lenovo.  The facts establishing laches (even in the absence of the application of the presumption) i.e., the unreasonableness of St. Clair's delay in bringing suit and the prejudice that has resulted therefrom, however, apply with regard to Lenovo as well.

of sleeping states, also referred to as "S" states, where S0 corresponds to a working state and

sleeping states S1-S5 correspond to various levels of reduced power consumption by the

computer system.  [Advanced Configuration and Power Interface Specification, Rev. 2.0 at

SCI0228968, Ex. B]  "C states" are processor power states, including a C0 state where the

processor is executing instructions and C1-C4 states where execution of instructions is halted

periodically.  [Id. at SCI0228969]  "P states" are processor performance states where the

processor's operation can also be altered.  [Id. at SCI0229159]

### B.    St. Clair.

St. Clair ███████████████████████████████

███████  [Baumgarten Dep. Tr. at 28:21-23, Ex. C]  St. Clair is a non-practicing entity that

purchases, sells, licenses, and litigates patents.  St. Clair has filed several suits in this Court

litigating its rights in another set of patents ("the Roberts patents"), which relate to camera

technology.  St. Clair filed the first of these cases against Sony Corporation on August 14, 2001,

and resolved it in March of 2003.  St. Clair Intellectual Property Consultants, Inc. v. Sony

Corporation, et al., C.A. 1:01-cv-00557-JJF.  St. Clair's lawsuits against other camera

manufacturers under the Roberts patents continue to this day.[10]

### C.    The Fung Patents

The asserted "Fung patents" are four related patents - U.S. Patents Nos. 5,710,929,

5,758,175, 5,892,959, and 6,079,025 - that share a common written description and a single

---

[10] St. Clair Intellectual Property Consultants, Inc. v. Matsushita Electrical Industrial Co., Ltd. et al., C.A. 1:04-cv-01436-LPS; St. Clair Intellectual Property Consultants Inc. v. Palm Inc., Inc. et al., C.A. 1:06-cv-00404-LPS; St. Clair Intellectual Property Consultants, Inc. v. Research In Motion, Ltd. et al., C.A. 1:08-cv-00371-LPS.

4

inventor, Henry Fung.[11]  [Fung patents, Exs. D-G]  The Fung patents claim priority to U.S.

patent application 07/532,314, filed on June 1, 1990.  The first of the Fung patents issued on

January 20, 1998.  ['929 Patent]  The last of the Fung patents issued on June 20, 2000.  ['025

Patent]  Three of the Fung patents (the '025, '175 and '959 patents) expired on June 20, 2010.

The Fung patents were originally assigned to Vadem Corp. ("Vadem"), a manufacturer of

electronics products including portable computers.  When the Fung patents were originally filed,

they included a cross-reference to an earlier-filed Vadem application, U.S. Patent No.

07/448,051, which named a different Vadem employee, Richard Peters, as the sole inventor.

['314 App. Pros. Hist. at MSSC_0874549-552, Ex. H]  The Peters application included, in large

part, a similar specification, figures, and claims to those that eventually ended up in the '314

application—the parent application to the Fung Patents.  [Alpert Rep. of Nov. 4, 2011 at 58-61,

Ex. I]

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████  [Vadem/Peters Agreement at SCI0266330, Ex. J].

████████████████████████████████████████████████

██████████████████████████████  [Lovejoy Dep. Tr. at 74:1-75:4,

Ex. K]  On June 1, 1990, Mr. Lovejoy prepared and filed the '314 application, which included a

strikingly similar specification, figures, and claims as the Peters application.  The '314

application, however, listed Mr. Fung as the *only* inventor.  ['314 App. Pros. Hist. at

MSSC_0874522-524, Ex. H]  The cross-reference to the Peters application was deleted during

prosecution of the Fung application, and none of the patents to issue, directly or indirectly, from

---

[11] The other three asserted patents in the '354 action are U.S. Patents Nos. 5,961,617, 5,613,130 and 5,630,163.

the Fung application contain any reference to the earlier-filed Peters application.  [Lovejoy Depo

Tr. at 110:8-15, Ex. K]

### D.   St. Clair's Purchase of the Fung Patents in April 2000



### E.   St. Clair's Period of Delay

St. Clair had the capability to assert the Fung patents on June 20, 2000, the day that the

'025 patent issued and





---

[15] St. Clair cites ██████████ in its willfulness allegations. [D.I. 266 at ¶¶ 21, 25]



██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

████████   Instead, between October of 2002 and May of 2009, St. Clair slept on its rights in the

Fung patents and silently watched as the industry continued to implement the ACPI standard.

### F.      Evidence Lost Because of St. Clair's Delay.

Between October of 2002 and May of 2009, evidence critical to issues of non-

infringement, unenforceability, and damages was lost or destroyed.  Evidence related to

inventorship, the date of conception, and contemporaneous valuations of the Fung patents has

been lost as memories faded over the nearly seven year delay.  For example, Vadem's patent

attorney testified ████████████████████████████████████████

████████████████████████   [Lovejoy Dep. Tr. at 20:25-21:8; 62:5-8; 118:13-119:3, Ex. K]

Moreover, Defendants have been unable to question the prosecutor of the Peters

application regarding inventorship due to the deterioration of his health.  [See Oct. 3, 2011 and

Jan. 9, 2012 letters from Lovejoy to Elliott, Exs. FF, GG][16]

The inventor of the Fung patents could not remember ████████████████████

█████████████████████████████████████████████

---

[16] Although Defendants deposed this prosecutor, David Lovejoy ██████████████████

██████████   [Lovejoy Dep. Tr. at 55:14-56:8, Ex. K]
████████ after Mr. Lovejoy's health had deteriorated such that a deposition was not possible.
Because this attorney played a central role in the filing of the Peters and '314 applications,
Plaintiff's delay has materially prejudiced Defendants' fact-gathering ability.  See Serdarevic v.
Advanced Medical Optics, Inc., 532 F.3d 1352, 1361 (Fed. Cir. 2008) (finding that the death of
witnesses alleged to have been able to "confirm [plaintiff's] inventorship claim" leads to
evidentiary prejudice because it "prevent[ed] the defendants from fully investigating [plaintiff's]
claims").

████████████████████████████████████████████████████ [Vadem

30(b)(6) Dep. Tr. at 144:10-23; 203:2-17, Ex. HH]  Others that discussed ████████████

████████████████████████████████ can no longer recall the substance of those

discussions due to the passage of time.  [See, e.g., ███████████████████████████████

████████████████████████████████████████████████

████████

    Critical documents also disappeared and were destroyed.  ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ These

destructions explain the absence of certain critical documents.  As one example, Mr. Fung

admitted ████████████████████████████████████████████████████

████████████████████████████████ [Vadem 30(b)(6) Dep. Tr. at 643:22-644:19,

Ex. HH]  Due to its apparent destruction, St. Clair (and Vadem) is unable to produce this key

document, thereby handicapping Defendants ability to assert this defense.

    The passage of time has similarly prevented Defendants from obtaining various other

documents important to investigating and/or proving Defendants defenses, including documents

regarding ████████████████████████████████████████ [see Vadem 30(b)(6)

Dep. Tr. at 72:5-73:9, Ex. HH], and documents regarding ██████████████████████

████████████████████████████████████████████████████

_____

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Further, ███████████████████████████████████

███████████████████ [Baumgarten Dep. Tr. at 92:1-6, Ex. C; Chung Dep. Tr. at 76:24-

77:2, Ex. L]  Indeed, many of the emails quoted above, describing St. Clair and Vadem's early

investigation into the ACPI Specification, were only produced by a third party.[18]

### G.   St. Clair's Lawsuits and Shifting Theories of Infringement

On May 15, 2009, St. Clair filed the '354 action against Acer, Dell, and Lenovo.  On

September 18, 2009, St. Clair filed the '704 action against Toshiba.  In view of the Fung patents'

nearly 20-year-old priority date, each of the Computer Defendants' asserted a defense of laches

in their respective Answers to St. Clair's complaints.[19]

St. Clair served Initial Preliminary Infringement Contentions to Acer, Dell, and Lenovo

on December 1, 2009, and to Toshiba on March 8, 2010.  [D.I. 41; D.I. 95].[20] ████████



[18] [████████████████████████████████████████

████████████████████████████████████████

[19] [D.I. 17, Dell Inc.'s Answer, Defenses, and Counterclaims at 11]; [D.I. 25, Acer Inc., Acer
America Corp., and Gateway Inc.'s Answer, Defenses, and Counterclaims at 12]; [D.I. 27,
Lenovo (United States), Inc.'s Answer to Plaintiff's Complaint and Counterclaims at 10] [D.I.
50, Defendant Toshiba America, Inc.'s Answer and Counterclaims at 9]; [D.I. 51, Defendant
Toshiba America Information Systems, Inc.'s Answer and Counterclaims at 11]; [D.I. 52,
Defendant Toshiba Corp.'s Answer and Counterclaims at 10]

[20] ████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

Despite repeated requests, St. Clair has refused to take a position on when the supposed

infringement of the Fung patents began.   ███████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

---

[20] For example, ███████████████████████████████

[Initial Preliminary Infringement Contentions to Acer, at Ex. C, pages 10, 21, 24, Ex. MM]  For
the '175 patent, St. Clair asserted ████████

███████████████████████  [Id. at Ex. D, page 23]  For the '025 and '959 patents, St. Clair pointed to

██████████████  [Id. at Ex. E, page 7; Id. at Ex. G, page 4, Ex. MM]

On August 12, 2011, St. Clair served Supplemental Preliminary Infringement

Contentions to each of the Computer Defendants without significant differences between

Defendants.  [D.I. 448]  Representative excerpts from St. Clair's Supplemental Preliminary

Infringement Contentions to Acer are attached as Exhibit NN.



██████  [Long Rep. of Jan. 27, 2012, at 101, Ex. A]

On November 4, 2011, St. Clair served its expert reports on infringement and damages for the Fung patents to the Computer Defendants and Microsoft.  ████████████

█████████████████████████████████████

██████████████████  St. Clair's technical expert witnesses, Dr. Henry Mangione-Smith and Mr. Ted Drake, submitted reports stating ██████████████

████████████████████████████████

██████████████████████████████

████████████████████████  [Mangione-Smith Rep. of Nov. 4, 2011 at 10, Ex. RR; Drake Rep. of Nov. 4, 2011 at 3, Ex. SS]  St. Clair's damages expert, Michael Wagner, stated █████████████████████

█████████████████████████████████

████████████████████████████████████

[Wagner Rep. of Nov. 4, 2011 at 16, Ex. TT]  St. Clair now relies on this assumption that products not accused should not be considered, and the material shift in its theory of infringement, to avoid the laches presumption.

## V.   ARGUMENT

A defense of laches involves two elements: "(a) the patentee's delay in bringing suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice attributable to the delay." A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992). The "material prejudice" prong can be satisfied by "either evidentiary prejudice or economic prejudice." Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 679 F. Supp. 2d 512, 520 (D. Del. Jan. 15, 2010). "A delay of six years or more raises a presumption that the delay is unreasonable, inexcusable, and prejudicial." Id. at 520-21. Once

this presumption is established, "the burden shifts to the patentee to produce sufficient evidence to 'put the existence of a presumed fact into genuine dispute' with regard to the reasonableness of the delay or the alleged prejudice." Id. at 521 (quoting A.C. Aukerman, 960 F.2d at 1037). "The period of delay begins at the time the patentee has actual or constructive knowledge of the defendant's potentially infringing activities." Wanlass v. Gen. Elec. Co., 148 F.3d 1334, 1337 (Fed. Cir. 1998). The plaintiff "need not have complete factual knowledge of the alleged wrongful conduct"; the period begins "when plaintiff was aware of sufficient facts to form a reasonable belief that its patents had been infringed." Northern Telecom, Inc. v. Datapoint Corp., Civ. A. No. CA3-82-1039D, 1992 WL 131549, *2 (N.D. Tex. Jan. 31, 1992).

This Court has held that a "plaintiff otherwise guilty of laches cannot avoid the consequences of the defense simply by narrowing its charge so as to complain only of infringement occurring within the 6 years immediately preceding commencement of the lawsuit." Intertech Licensing Corp., 708 F. Supp. at 1435 n.27. Nor does the laches period automatically reset for each modification of a product. Rather, when the nature of the infringement is the "same or similar" to the potentially infringing activities that triggered the laches period, the period of delay continues to accrue. Symantec Corp. v. Computer Assocs. Int'l, Inc., 522 F.3d 1279, 1295 (Fed. Cir. 2008); see also Intertech Licensing Corp., 708 F. Supp. at 1435 (earlier versions "tack" onto laches period when "the nature of alleged infringement remains substantially constant throughout the relevant time periods").

### A.   Unreasonable Delay and Prejudice Must Be Presumed for All Defendants Except Lenovo Because St. Clair Delayed Over Six Years.

St. Clair slept on its rights for more than six years after St. Clair's principals had actual or constructive knowledge of the Defendants' potentially infringing activities. St. Clair's own internal documents indisputably demonstrate that, by October 7, 2002, St. Clair had: ████████



**B.    St. Clair Cannot Avoid the Laches Presumption by Disregarding Pre-Service Pack 2 Sales or Shifting Its Infringement Theory.**

St. Clair's attempts to avoid the laches defense are "the sort of 'litigation-induced, after the fact' gamesmanship expressly rejected by [this] court in <u>Intertech</u>." <u>Thomas v. Echostar Satellite LLC</u>, C.A. No. 3:05-cv-00494, 2006 WL 3751319, at *7 n.10 (W.D.N.C. Dec. 19, 2006) (quoting <u>Intertech</u>, 708 F. Supp. at 1431).  A patent holder cannot avoid the consequences of laches merely by "narrowing its charge" to within six years of the filing of its suit.  <u>Intertech</u>

Licensing Corp., 708 F. Supp. at 1435 n.27.  If St. Clair were permitted to avoid a presumption

of laches simply by limiting the accused products to computers carrying versions of Microsoft

Windows XP Service Pack 2 and later, "the laches defense would be stripped of all meaning, for

any protection afforded the defendant by laches as so construed would already be available to

defendant by virtue of the statutory limitation contained in 35 U.S.C. § 286."  Id.



St. Clair's shift in its infringement theory, ███████████████████

████ also does not allow it to dodge the consequences of its delay.  St. Clair relies on the

incorrect assumption ███████████████████████████████

[Stemen Tr. at 74:17-75-18, Ex. UU; Oshins Tr. at 77:19-78:18, Ex. VV] ██████████

███████████████████████████████

████████████ [Tr. of May 4, 2012 Hearing on Disc. Dispute at 18:5-11, Ex. WW]

St. Clair's focus ████████████ is also legally flawed, because "while

scrutinizing one function" of the pre-XP-SP2 computers, St. Clair "ignores other functions which

the machines were capable of performing" – functions that St. Clair had previously asserted

infringed the same claims.  Id. at 1437.  For example, as Dr. Long noted in his report███████

18

██████████████████████████████████████████

████████████████████████ [Long Rep. of Jan. 27, 2012 at 102, Ex. A]  When St. Clair

brought its suit against the Defendants, it did not distinguish between different versions of

Microsoft Windows until after being confronted with the implications of the laches defenses.

### C.    There Is No Factual Dispute That St. Clair's Delay Was Unreasonable.

St. Clair's delay of over six years is presumptively unreasonable and inexcusable.  Crown

Packaging Tech., 679 F. Supp. 2d at 520-21.  St. Clair has no viable excuse for its delay.  During

their respective depositions, St. Clair's principals have testified ████████████████

██████████████████████████████████████████

████████████████████[22]  This is legally inadequate to excuse St. Clair's delay.  "The

Supreme Court made clear long ago that poverty, by itself, is never an excuse for laches

purposes."  Hall v. Aqua Queen Mfg., Inc., 93 F.3d 1548, 1554 (Fed. Cir. 1996) (citing Leggett

v. Standard Oil Co., 149 U.S. 287 (1893)).  The Roberts lawsuits do not excuse St. Clair's delay,

because it did not involve the Fung patents.  See Abbott Diabetes Care Inc. v. Roche Diagnostics

Corp., No. 05-3117, 2007 WL 1241928, at *6 (N.D. Cal Apr. 27, 2007) ("Abbott offers no

explanation-let alone evidence meeting their burden of production-explaining why discussions

and litigation with Bayer regarding different patents and different technology excuse the delay in

asserting the '551 patent").[23]  In addition, for "other litigation to excuse a delay in bringing suit,

---

[22] [Chung Dep. Tr. at 92:20-23 ████████████████████████████████

██████████████████████ Ex. L; Baumgarten Dep. Tr. at 40:9-

███████████████████████████████████████████

███████████████████████████████████████████

[23] See also, Humanscale Corp. v. CompX Int'l Inc., C.A. No. 3:09-cv-86, 2010 WL 3222411,
*11 (E.D.Va. Aug. 16, 2010) (rejecting, under Hall, corporation's "poverty" excuse that "it
would have been paying for multiple court battles").

there must be adequate notice of the proceedings to the accused infringer," and that notice "must also inform the alleged infringer of the patentee's intention to enforce its patent upon completion of that proceeding." <u>Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA</u>, 944 F.2d 870, 877 (Fed. Cir. 1991). ███████████████████████████████████████████

[Baumgarten Dep. Tr. at 256:5-13, Ex. C; Chung Depo Tr. at 179:3-9, Ex. L]

### D.   There Is No Factual Dispute That St. Clair's Unreasonable Delay Prejudiced the Computer Defendants.

St. Clair's delay is also presumptively prejudicial. <u>Crown Packaging Tech.</u>, 679 F. Supp. 2d at 520-21. That presumption is backed up by an abundance of testimony, and concessions by St. Clair itself, that critical documents and evidence were lost or destroyed during its delay. Examples of evidentiary prejudice include "loss of records, ... or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." <u>A.C. Aukerman</u>, 960 F.2d at 1033. As discussed in Section IV.F, <u>supra</u>, key facts relevant to conception, inventorship, inequitable conduct, the valuation of the Fung patents, and other issues have been forgotten due to the passage of time, by St. Clair, Vadem, Henry Fung, Vadem's patent attorney, and numerous third party witnesses. Relevant documents were also lost or destroyed during St. Clair's delay, ███████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████ The extent of the prejudice to the defendants on critical issues cannot be accurately estimated. Nevertheless, the lost documents evidenced by the record alone establish that St. Clair could not possibly rebut the presumption of prejudice.

## VI.   CONCLUSION

In view of St. Clair's unreasonable and prejudicial delay in bringing this suit, St. Clair's claims for pre-suit damages should be barred by laches.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Kai Tseng
Craig R. Kaufman
Michael C. Ting
FREITAS, TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood City, CA 94065
Tel: (650) 593-63000
*Attorneys for Defendants Acer Inc.,*
*Acer America Corporation, and*
*Gateway, Inc.*

By:   */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19899
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

Constance S. Huttner
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel: (212) 234-0040

*Attorneys for Defendants Acer Inc.,*
*Acer America Corporation, Gateway, Inc., Dell,*
*Inc., Lenovo (United States), Inc., Toshiba*
*Corporation, Toshiba America Information*
*Systems, Inc., Toshiba America, Inc. and*
*Intervenor Intel Corporation*

Christopher V. Ryan
Avelyn Ross
Jennifer Nall
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8400
*Attorneys for Defendant Dell, Inc. and*
*Lenovo (United States), Inc.*

Jeffrey K. Sherwood
Leslie Jacobs
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-3602
*Attorneys for Defendants Toshiba*
*Corporation, Toshiba America Information*
*Systems, Inc., and Toshiba America, Inc.*

     -and-

Chad S. Campbell
Timothy J. Franks
PERKINS COIE LLP
Suite 2000
2901 N. Central Ave.
Phoenix, AZ  85012
Tel: (602) 351-8000

Michael D. Broaddus
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, WA  98101
Tel:  (206) 359-8000

*Attorneys for Intervenor Intel Corporation*

FISH & RICHARDSON P.C.

OF COUNSEL:

Lauren A. Degnan
Brian Racilla
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC
Tel:  (202) 783-5070

Dated:  May 25, 2012
Public Version Dated: June 1, 2012
1060939 / 34449

By: */s/ Tara D. Elliott*
    William J. Marsden, Jr. (wm2247)
    Tara D. Elliott (te4483)
    Fish & Richardson P.C.
    222 Delaware Ave., 17th Floor
    Wilmington, DE 19899
    Tel:  (302) 652-5070
    marsden@fr.com
    elliott@fr.com

*Attorneys for Microsoft Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 1, 2012, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on June 1, 2012, the attached document was Electronically Mailed to

the following person(s):

Richard D. Kirk
Stephen B. Brauerman
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff St. Clair Intellectual*
*Property Consultants, Inc.*

R. Terrance Rader
Glenn E. Forbis
Charles W. Bradley
James F. Kamp
Rader, Fishman & Grauer, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304
stclairteam@raderfishman.com
*Attorneys for Plaintiff St. Clair Intellectual*
*Property Consultants, Inc.*

Craig R. Kaufman
Kai Tseng
Michael Ting
Freitas, Tseng, & Kaufman LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
AcerSt.ClairFTBKALL@ftbklaw.coma
*Attorneys for Defendants Acer, Inc., Acer*
*America Corporation, Gateway, Inc.*

Timothy S. Teter
Elizabeth Stameshkin
Matthew J. Brigham
Benjamin G. Damstedt
Sriranga Veeraraghavan
Jesse Dyer
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
st.clair-apple-team@cooley.com
*Attorneys for Defendant Apple Inc.*

Christopher V. Ryan
Jennifer L. Nall
Jeffrey T. Han
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
st.clair-dell-grpplist@velaw.com
stclair-levonoteam@velaw.com
*Attorneys for Defendant Dell Inc. and
Lenovo (United States) Inc.*

Constance S. Huttner
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
st.clair-dell-grpplist@velaw.com
stclair-levonoteam@velaw.com
*Attorneys for Defendant Dell Inc. and Lenovo
(United States) Inc.*

Kimball R. Anderson
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
kanderson@winston.com
*Attorneys for Defendant Dell Inc.*

Jeffrey K. Sherwood
Leslie L. Jacobs, Jr.
Cameron W. Westin
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
Toshiba-St.Clair@dicksteinshapiro.com
*Attorneys for Defendants Toshiba
Corporation, Toshiba America Information
Systems, Inc., and Toshiba America, Inc.*

Chad S. Campbell
Timothy J. Franks
Perkins Coie LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
perkins-intel-stclair@perkinscoie.com
*Attorneys for Intervenor Intel Corporation*

Michael D. Broaddus
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
perkins-intel-stclair@perkinscoie.com
*Attorneys for Intervenor Intel Corporation*

William J. Marsden , Jr.
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Microsoft-St.ClairFRTeam@fr.com
*Attorneys for Microsoft Corporation*

Lauren A. Degnan
Fish & Richardson, P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Microsoft-St.ClairFRTeam@fr.com
*Attorneys for Microsoft Corporation*

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

944870 / cons.