## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 09-354-LPS |
| v. | : | (CONSOLIDATED) |
| | : | |
| ACER, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| MICROSOFT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-282-LPS |
| | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

March 29, 2013
Wilmington, Delaware

*Le~ P. /K*

**STARK, U.S. District Judge:**

Presently before the Court is Defendants' Motion for Summary Judgment of

Noninfringement of Pre-2004 Versions of Windows (D.I. 696, C.A. No. 09-354; D.I. 324, C.A.

No. 10-282). For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

St. Clair Intellectual Property Consultants, Inc. ("St. Clair") filed suit against Acer, Inc.,

Acer America Corp. (collectively, "Acer"), Dell Inc. ("Dell"), Gateway Co., Inc., Gateway, Inc.

(collectively, "Gateway"), Lenovo Group, Limited, and Lenovo (United States) Inc. (collectively,

"Lenovo") on May 15, 2009 (D.I. 1, C.A. No. 09-354), and against Apple Inc. ("Apple"),

Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc.

(collectively, "Toshiba") (collectively with C.A. No. 09-354 defendants, "Defendants") on

September 18, 2009 (D.I. 1, C.A. No. 09-704), alleging infringement of U.S. Patent Nos.

5,613,130 (the "'130 patent"), 5,630,163 (the "'163 patent"), 5,961,617 (the "'617 patent"),

5,710,929 (the "'929 patent"), 5,758,175 (the "'175 patent"), 5,892,959 (the "'959 patent"), and

6,079,025 (the "'025 patent") (collectively, the "patents-in-suit"), relating to power savings and

management. The '929, '175, '959, and '025 patents are hereinafter referred to as the "Fung

patents." Microsoft Corporation ("Microsoft") filed a declaratory judgment action against St.

Clair on April 7, 2010, seeking judgments of noninfringement and invalidity of the Fung patents.

(D.I. 1, C.A. No. 10-282) Intel Corporation's ("Intel") intervention in the earlier filed suit was

granted on June 4, 2010 (D.I. 178, C.A. No. 09-354), and St. Clair filed counterclaims on June

28, 2010. (D.I. 191, C.A. No. 09-354) On June 13, 2011, the Court consolidated Case Nos. 09-

354, 09-704, and 10-282. (D.I. 406)

Fact discovery closed on December 16, 2011 and expert discovery closed on April 27,

2012. The Court construed the disputed claim terms on August 7, 2012. No trial date is set.

On March 27, 2013, the Court heard oral argument on many of the 30-plus pending dispositive and *Daubert* motions (some of which are the same motion filed in multiple cases). This memorandum opinion addresses only Defendants' Motion for Summary Judgment of Noninfringement of Pre-2004 Versions of Windows (D.I. 696, C.A. No. 09-354; D.I. 324, C.A. No. 10-282).

## II. LEGAL STANDARDS

Generally, the party seeking relief or asserting a claim bears the burden of persuasion. *See Schaffer v. Weast*, 546 U.S. 49, 57 (2005). Thus, if a patentee files a claim or counterclaim asserting patent infringement, the patentee bears the burden of proving infringement. *See Medtronic Inc. v. Boston Scientific Corp.*, 695 F.3d 1266, 1272 (Fed. Cir. 2012). "The substantive burden of proof normally does not shift simply because the party seeking relief is a counterclaiming defendant in a declaratory judgment action." *Id.*; *see also* 12 James Wm. Moore et al., Moore's Federal Practice 57.62 (3d ed. 1997) ("[C]ourts have generally recognized that any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be assigned in a coercive infringement suit."). Rather, "when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived." *Medtronic*, 695 F.3d at 1272.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

2

585-86 (1986). An assertion that a fact cannot be-or, alternatively, is-genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be

3

granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a

scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a

motion for summary judgment; there must be "evidence on which the jury could reasonably find"

for the non-moving party. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Defendants request that the Court grant summary judgment that pre-2004 versions of

Windows do not infringe the Fung patents. Defendants allege that St. Clair has refused to

address pre-2004 infringement, declining to respond to interrogatories addressing pre-2004

versions of Windows, and failing to commit to a date of first infringement. (D.I. 697 at 2)

Further, Defendants allege that St. Clair has refused to provide contentions on whether other pre-

2004 versions of Windows, including Windows XP RTM and Windows XP SP1, contributorily

infringe the Fung patents. St. Clair refuses to respond because, it asserts, "versions of Windows

other than Windows XP, Windows Vista, and Windows 7 are not accused." (D.I. 697 at 4; *id.*

Ex. 26)

Notwithstanding St. Clair's arguments to the contrary, there is a case or controversy over

whether pre-2004 versions of Windows infringe. St. Clair's allegations are broad enough to

encompass pre-2004 versions and St. Clair now insists that the record contains sufficient

evidence from which a reasonable factfinder could find that pre-2004 versions of Windows

infringe the Fung patents. *See generally MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-

4

27 (2007) (stating that case or controversy requirement is met when dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts") (internal quotation marks omitted).

As there is a case or controversy, it follows (as St. Clair conceded at the motions hearing) that St. Clair bears the burden of proof to show infringement by a preponderance of evidence. *See DSU Med. Corp. v. JMS CO.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1337 (Fed. Cir. 2001). The Court concludes that St. Clair has failed to meet its burden.

Defendants have presented expert testimony from Dr. Darrell Long, who opines that pre-2004 versions of Windows do not infringe the Fung patents. (D.I. 697 at 5; Long Decl. ¶ 14) St. Clair offers no competing expert testimony for pre-2004 versions of Windows. St Clair contends that because Dr. Long opines that the functionality material to infringement was unchanged as between the pre-2004 and post-2004 versions, then if the factfinder concludes that post-2004 versions infringe, then pre-2004 versions must also infringe. (*See* D.I. 781 Ex. 5 ¶¶ 151, 215) The Court concludes that this reasoning, however logical it may be, does not by itself satisfy St. Clair's burden of proof.

Dr. Long states unequivocally that he believes that pre-2004 versions of Windows do *not* infringe. St. Clair fails to rebut this opinion. Indeed, St. Clair has failed to present any *evidence* of infringement related to pre-2004 versions of Windows. St. Clair argues that its experts reviewed pre-2004 source code under the mistaken belief that they were reviewing post-2004

5

source code, so consequently its experts' infringement opinions inadvertently extend to pre-2004 versions of Windows. (D.I. 781 at 4-5) However, St. Clair's experts did not supplement their original expert declarations, which opine only on infringement by post-2004 versions of Windows. Other than attorney argument (which, of course, is not evidence), the record is devoid of any support for finding infringement by pre-2004 versions of Windows.

Hence, the Court must grant Defendants' motion. Moreover, because the first date of alleged infringement is 2004, this is also the proper date for damages analyses based on hypothetical negotiations (as the parties agreed at the hearing). Furthermore, it follows that pre-2004 versions of Windows may be considered noninfringing alternatives.

## IV.    CONCLUSION

Accordingly, the Court will grant Defendants' motion. An appropriate Order follows.