IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 09-354-LPS |
| v. | : | (CONSOLIDATED) |
| | : | |
| ACER, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| MICROSOFT CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-282-LPS |
| | : | |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims for Inequitable Conduct (D.I. 647) as well as Defendants' Motion for Summary Judgment of Laches (D.I. 637). The Court heard oral argument on the motions (amongst many others) on March 27, 2013.

1. The Court will deny-in-part and grant-in-part St. Clair's Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims for Inequitable Conduct (D.I. 647). Specifically, the Court will deny the motion with respect to the inequitable conduct defense based on the sole inventorship of the Fung patents. The Court concludes that there are genuine issues of material fact as to inventor Fung's intent in not identifying to the PTO an additional

potential inventor. Resolution of this inequitable conduct allegation will require, among other things, an assessment of the credibility of Fung and others. However, with respect to the other bases on which Defendants assert inequitable conduct – non-disclosure of the Harper patent, small entity status, and non-disclosure of other prior art – the record would not permit a reasonable factfinder to find that Fung had a specific intent to deceive the PTO. Thus, the Court will grant St. Clair's motion with respect to these three bases for inequitable conduct.

2. The Court will grant Defendants' Motion for Summary Judgment of Laches (D.I. 637). The Court concludes that St. Clair had constructive knowledge of allegedly infringing activities by Defendants by no later than October 2002, giving rise to a presumption of laches. The Court is not persuaded that St. Clair's delay in filing suit was reasonable and, therefore, concludes that St. Clair has not rebutted the laches presumption. The Court is similarly unpersuaded by St. Clair's contention that a new laches period began as a result of changes affecting P-states in post-2004 versions of Windows, particularly as St. Clair has also stated that P-states are not necessarily required for infringement.

Accordingly, IT IS HEREBY ORDERED that:

1. St. Clair's Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims for Inequitable Conduct (D.I. 647) is DENIED with respect to the sole inventorship issue and GRANTED in all other respects.

2. Defendants' Motion for Summary Judgment of Laches (D.I. 637) is GRANTED.

The Court will issue a memorandum opinion with respect to these motions in due course.

March 29, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE