IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL<br>PROPERTY CONSULTANTS, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 09-354-LPS<br>(CONSOLIDATED) |
| ACER, INC., et al., | : | |
| Defendants. | : | |
| MICROSOFT CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-282-LPS |
| ST. CLAIR INTELLECTUAL<br>PROPERTY CONSULTANTS, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court are St. Clair Intellectual Property Consultants, Inc.'s ("St. Clair") Motions Under *Daubert* to Exclude Opinions of Defendants' Expert Gross Concerning BatteryMax (D.I. 652), to Exclude Opinions and Testimony of Defendants' Expert Dr. Lorin Hitt (D.I. 662), to Exclude All of the Opinions and Testimony by Portia Bass (D.I. 669), to Limit the Testimony of John C. Jarosz Regarding the Hypothetical Negotiation, the Benefits That the Patents Provide to Users, Speculative Non-Infringing Alternatives, and Damage Caps Based on Dissimilar Transactions or the Cost of Non-Infringing Alternatives (D.I. 678), and to Exclude All of the Opinions and Testimony of Charles A. Martinez (D.I. 681), as well as Defendants'

*Daubert* Motion No. 1 to Exclude the Expert Testimony of Mr. Ted Drake and Related Expert Testimony of Mr. Michael J. Wagner (D.I. 663) and *Daubert* Motion No. 2 to Exclude the Expert Testimony of Dr. Christopher R. Knittel and Related Expert Testimony of Mr. Michael J. Wagner (D.I. 666). The Court heard oral argument on most of these motions on March 27, 2013.

1. As is evident from the listing above, both St. Clair and Defendants seek to exclude several of each others' experts and/or portions of their analyses. Generally, when on the offensive, each side argues that the opposing sides' expert has been so deficient in his or her analysis as to be unreliable, and, therefore, utterly unhelpful to the factfinder. When on the defensive, however, the very same party generally insists that all of the opposing criticisms of its expert go to the weight, rather than admissibility, of the proposed expert testimony and merely provide a proper basis for cross-examination. Having reviewed the materials submitted, and having heard extensive oral argument, the Court agrees with each sides' defensive posture and will deny the *Daubert* motions.

2. St. Clair's Motion Under *Daubert* to Exclude Opinions of Defendants' Expert Gross Concerning BatteryMax (D.I. 652) is DENIED. The Court agrees with Defendants that there is sufficient corroborating evidence that BatteryMax was available to the public prior to the Fung patents' priority date. Further, the Court concludes that even if BatteryMax did not predate the Fung patents, Mr. Gross's testimony as to the combination of his patent and Compaq SLT 286 would be relevant and helpful to the factfinder in an obviousness inquiry.

3. St. Clair's Motion to Exclude Opinions and Testimony of Defendants' Expert Dr. Lorin Hitt (D.I. 662) is DENIED. The Court concludes that Dr. Hitt's testimony and opinion related to hedonics to measure battery life, the importance of battery life to consumers, and

validity of certain energy savings calculations conducted by Microsoft and Lenovo are based on sufficient facts and other expert opinion.

4. St. Clair's Motion to Exclude All of the Opinions and Testimony by Portia Bass (D.I. 669) is DENIED. While Dr. Bass did not review the Fung patents in depth (D.I. 674 Ex. 2 at 29), her analysis and the sources she chose to rely on in forming her opinion may be explored on cross-examination.

5. St. Clair's Motion to Limit the Testimony of John C. Jarosz Regarding the Hypothetical Negotiation, the Benefits That the Patents Provide to Users, Speculative Non-Infringing Alternatives, and Damage Caps Based on Dissimilar Transactions or the Cost of Non-Infringing Alternatives (D.I. 678) is DENIED. St. Clair's objections to the use of a single negotiation date, lump sum royalty rate, non-infringing alternatives and their associated cost, and market transactions go toward the weight of the evidence. Additionally, application of all the *Georgia Pacific* factors is not mandatory. *See Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012) ("We do not require that witnesses use any or all of the *Georgia-Pacific* factors when testifying about damages in patent cases."). Mr. Jarosz adequately presumed the patents' validity in formulating his opinion. (D.I. 682 Ex. 4 at 26)

6. St. Clair's Motion to Exclude All of the Opinions and Testimony of Charles A. Martinez (D.I. 681) is similarly DENIED. St. Clair's objection that Mr. Martinez's testimony is somewhat duplicative of Mr. Jarosz is not a basis for excluding his testimony since the trial will be timed and the parties will not be given time to waste.

7. Defendants' *Daubert* Motion No. 1 to Exclude the Expert Testimony of Mr. Ted Drake and Related Expert Testimony of Mr. Michael J. Wagner (D.I. 663) is DENIED. The

Court does not find that Mr. Drake's testing is so fundamentally flawed as to be unreliable and unhelpful to the factfinder. Mr. Drake states that his tests do not represent the isolated value of the Fung patents, but instead "represent only a portion of the value." (D.I. 789 Ex. 1 ¶ 7) Defendants' remaining challenges to Mr. Drake's testimony – e.g., his removal of certain attributes of the laptops, his use of computers with possible incompatibility issues with Windows XP SP1, his application of his own method of estimating battery life, and his small sample size – may all be adequately addressed through cross-examination. It follows that Mr. Wagner's testimony relying on Mr. Drake will also not be excluded.

8. Defendants' *Daubert* Motion No. 2 to Exclude the Expert Testimony of Dr. Christopher R. Knittel and Related Expert Testimony of Mr. Michael J. Wagner (D.I. 666) is DENIED. Dr. Knittel applies a generally accepted statistical method, hedonics, to estimate the value of battery life using sufficient facts and data. Defendants' criticisms can be addressed through cross-examination. Likewise, Mr. Wagner's reliance on Dr. Knittel is proper, and any challenges to Mr. Wagner's testimony can be addressed through cross-examination.

Accordingly, the parties' *Daubert* motions (D.I. 652, 662, 669, 678, 681, 663, 666) are DENIED.

March 29, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE