# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 09-354-LPS (Consolidated) |
| ACER, INC., et al., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| MICROSOFT CORPORATION, | ) ) | |
| Plaintiff, | ) ) | **PUBLIC VERSION** |
| v. | ) ) | C.A. No. 10-282-LPS |
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
## THEIR MOTION FOR SPOLIATION SANCTIONS AGAINST PLAINTIFF

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Acer Inc.,
Acer America Corporation, Gateway, Inc., Dell,
Inc., Lenovo (United States), Inc., Toshiba
Corporation, Toshiba America Information
Systems, Inc., Toshiba America, Inc. and
Intervenor Intel Corporation*

William J. Marsden, Jr. (#2247)
Tara D. Elliott (#4483)
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070
marsden@fr.com
elliott@fr.com

*Attorneys for Microsoft Corporation*

Dated: April 5, 2013
Public Version Dated: April 12, 2013
1101279 / 34449

## I. INTRODUCTION

Defendants respectfully submit this supplemental memorandum pursuant to the Court's March 29 Order to address the applicability of *Bozic v. City of Washington, Pa.*, No. 2:11-cv-674 (MRH), 2012 WL 6050610 (W.D. Pa. Dec. 5, 2012) to Defendants' pending motion for spoliation sanctions. As set forth below, *Bozic* fully supports Defendants' contention that Fung and his attorney Olson acted in bad faith when they destroyed more than a gigabyte of information identified by St. Clair's counsel in response to subpoenas directed to Fung and the companies he controlled, Amphus, Vadem Inc. and Vadem, Ltd.

## II. ARGUMENT

### A. *Bozic* Fully Supports Defendants' Motion For Spoliation Sanctions

In *Bozic*, the plaintiff sued the City of Washington for wrongful termination. *Bozic*, 2012 WL 6050610, at *2. Before plaintiff was terminated she met with the City Solicitor, who made a tape of the meeting, which he stored in his drawer in anticipation of future litigation. *Id.* at *2, *6. The Solicitor later admitted to erasing the tape 30 days after plaintiff's termination, claiming that he no longer anticipated litigation with plaintiff at that time. *Id.* at *3. Plaintiff then moved for spoliation sanctions against the City. *Id.* at *7. The Court granted plaintiff's motion after finding that the Solicitor's conduct met the "bad faith" requirement set forth in *Bull v. United Parcel Service Inc.*, 665 F.3d 68, 79 (3d Cir. 2012). *Bozic*, 2012 WL 6050610, at *9-10.

The court first rejected the Solicitor's claim that he did not anticipate litigation when he erased the tape, concluding that the Solicitor "should have known (and in fact did know) that litigation, as to which the tape recording of the Meeting would be important, was likely from the moment of [plaintiff's] dismissal until this suit was filed." *Id.* at *8; *see also id.* at *7-12. The court then turned to the issue of bad faith, noting that plaintiff's motion raised the "question of

whether a reckless disregard for the consequences of an intentional and conscious destruction of evidence, previously specially preserved for purposes of subsequent litigation, at a time when litigation is necessarily foreseeable, meets that 'bad faith' test." *Id.* at *10. In this regard, the court observed that *Bull* did not decide "whether the movant must demonstrate that the sanctioned party acted with the *specific intent* of hiding adverse information . . . or whether other types of actions that are intentional in form, yet only highly reckless as to their consequences . . . also rise to that bad faith level." *Id.* at *9.

After analyzing the Third Circuit cases decided after *Bull*, the court concluded that it was unnecessary to find that the Solicitor had a "specific malicious intent" to conceal the tape from plaintiff in order to find bad faith. *Id.* at *12.[1] Rather, the court found that the Solicitor's conduct met *Bull's* "bad faith" test because it ran "counter to a wholly innocent explanation," and rose "well above inadvertence, negligence, inexplicable foolishness, or part of the normal activities of business or daily living." *Id.* at *11-12. The court explained:

> While it is unclear where the exact line of "bad faith" under *Bull* lies, the Court concludes that destroying the tape, after specifically preserving it for litigation purposes, knowing that it was the Bozic Meeting tape, and while anticipating this very litigation, goes well past any such line and fulfills the "bad faith" standard announced in *Bull*.

*Id.* at *12.

Having found spoliation by the Solicitor, the court next turned to the issue of sanctions against the City. *Id.* at *12-15. Noting that plaintiff had been "materially prejudiced by the absence of the Meeting tape (as is the truth-seeking process)," the court ruled that "no lesser sanction than at least a spoliation adverse inference would avoid substantial unfairness." *Id.* at

---

[1] The court also noted that the Third Circuit found spoliation in *Capogrosso v. 30 River Court E. Urban Renewal Co.*, 482 Fed. App'x 677 (3d Cir. 2012) even though it did not find a "specific intent to keep [evidence] from a litigation adversary." *Bozic*, 2012 WL 6050610, at *10 n.8.

2

\*13. The court then "tailored" the adverse inference to "the particular facts of this case" by indicating it would instruct the jury "that [the Solicitor] was charged with having anticipated this litigation, and . . . had a duty to preserve the tape," and that the jury "may conclude that such evidence was destroyed" because of "a concern of [the Solicitor] about the tape's content." *Id.* at \*14. The court also imposed a "focused monetary remedy . . . to properly allocate the litigation costs resulting from the tape's destruction." *Id.* This award included plaintiff's court reporter and attorney's fees incurred in investigating the tape's destruction. *Id.*

### B. Fung's Destruction Of Documents Also Constituted Bad Faith Under *Bozic*

There is no dispute that Fung and Olson directed the destruction of more than a gigabyte of information that was specifically identified by St. Clair's counsel in response to Defendants' Rule 45 subpoenas. [Def. Op. Br. at 6; Def. Rep. Br. at 5].[2] This destruction was even more egregious than the destruction of the *Bozic* tape because it: (1) involved the destruction of a truckload of documents relating to several of Defendants' affirmative defenses; (2) cannot be reconstructed from witness testimony because memories have dimmed; (3) occurred more than a year after the litigation was filed, after the tapes had already been identified in response to subpoenas directed to Fung and his companies; and (4) was directed by Fung, who has a substantial financial interest in the outcome of this case, and who was aware of Defendants' affirmative defenses at the time of destruction, including their claim that Fung had fraudulently concealed the inventive contribution of Peters, with whom Fung had disputes in the past. [*See* Def. Op. Br. at 3, 6-11, 19; Def. Rep. Br. at 2-3].

Under these circumstances, there can be little doubt that Fung and Olson acted recklessly and in bad faith, without regard to the consequences of their actions. This is confirmed by Mr.

---

[2] "Def. Op. Br." refers to Defendants' Opening Brief on this issue. [D.I. 642]. "Def. Rep. Br." refers to Defendants' Reply Brief on this issue. [D.I. 841].

3

Rader's unguarded contemporaneous utterance upon learning of the destruction that ▌

███████████████████████████

▌ [Def. Rep. Br. at 1, 4 (emphasis added)]. Plainly, Rader believed that Olson, who was being paid by St. Clair to assure the integrity of Vadem's documents, had a duty to preserve the tapes. Fung also implicitly admitted that there was no innocent explanation for the destruction by acknowledging that IKON had "made it clear that they had not copied the documents" before returning them to Olson. [Def. Op. Br. at 7-8, 18, Def. Rep. Br. at 11]. Thus, as in *Bozic*, there is no "wholly innocent explanation" for the destruction in this case. *Bozic*, 2012 WL 6050610, at *8, 12.

In sum, Olson's and Fung's destruction of a gigabyte of previously subpoenaed information, like the Solicitor's erasure in *Bozic*, went well beyond simple "inadvertence, negligence, inexplicable foolishness, or part of the normal activities of business or daily living." *Id.* at *11. Their actions instead evidence a "reckless disregard for the consequences of an intentional and conscious destruction of evidence, previously specially preserved for purposes of subsequent litigation." *Id.* at *10, 12. This reckless conduct compels a finding of bad faith in this case, even if the Court accepts St. Clair's claim that Olson and Fung made an honest mistake, because "bad faith" does not require evidence of a specific intent to conceal the spoliated evidence from the adverse party. *Id.* at *12.

### C. Serious Sanctions Are Appropriate To Prevent St. Clair From Benefitting

As in *Bozic*, sanctions are appropriate here because Defendants have been prejudiced by St. Clair's spoliation. [Def. Op. Br. at 18-19]. Although the *Bozic* court concluded that an enhanced spoliation inference was a sufficient sanction in that case, it did so because the tape related to a single meeting, and the participants in the meeting were all available for deposition.

*See, e.g., Bozic*, 2012 WL 6050610, at *14 n.14. Here, in contrast, the spoliated documents were likely pertinent to many issues, including Fung's failure to name Peters as an inventor, and Vadem's failure to mark its chips with the numbers of the patents in suit, including the '163 and '130 patents, which St. Clair's expert acknowledged they practiced. [Def. Op. Br. at 8-11]. Moreover, no witnesses can testify to the contents of the spoliated tapes, including Fung (who cannot remember) and the absent John Zhao. [Def. Op. Br. at 4-5, 19; Def. Rep. Br. at 12].

As a result of Fung's actions, which St. Clair could easily have prevented, Defendants are now hamstrung in their ability to cut off damages prior to the date of suit by proving that Vadem failed to mark. [Def. Op. Br. at 10-11]. Defendants are also hampered in their ability to prove that Peters should have been named as an inventor because neither Fung nor the prosecuting attorney could recall the details of Vadem's decision to abandon the Peters application and leave his name off of the Fung patents. [Id. at 8-9]. Thus, to prevent St. Clair from benefitting from Fung's spoliation, the Court should impose a stronger sanction by either dismissing Plaintiff's claims or entering a verdict for Defendants on the fraudulent inventorship and marking issues.

At a minimum, the Court should impose an adverse spoliation inference by instructing the jury that St. Clair violated its duty to preserve Vadem's documents by failing to supervise Fung and Olson and/or maintain control of Vadem's documents, and that they may infer that the documents on the tapes would have been damaging to St. Clair's case. Finally, the Court should award Defendants monetary sanctions consisting of Defendants' collective costs and attorneys' fees to take relevant depositions, and to brief and argue this motion.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully urge the Court to order the aforesaid sanctions against St. Clair, and grant such other relief as the Court deems appropriate.

Dated: April 5, 2013
Public Version Dated: April 12, 2013

                                        Respectfully submitted,

OF COUNSEL:                         POTTER ANDERSON & CORROON LLP
Kai Tseng
Craig R. Kaufman
Michael C. Ting                      By: */s/ David E. Moore*
FREITAS, TSENG & KAUFMAN LLP     Richard L. Horwitz (#2246)
100 Marine Parkway, Suite 200        David E. Moore (#3983)
Redwood City, CA 94065              Hercules Plaza, 6th Floor
Tel: (650) 593-63000                 1313 N. Market Street
*Attorneys for Defendants Acer Inc.,*     Wilmington, DE 19899
*Acer America Corporation, and*        Tel: (302) 984-6000
*Gateway, Inc.*                               rhorwitz@potteranderson.com
                                           dmoore@potteranderson.com

Constance S. Huttner
VINSON & ELKINS LLP             *Attorneys for Defendants Acer Inc.,*
666 Fifth Avenue, 26th Floor         *Acer America Corporation, Gateway, Inc., Dell,*
New York, NY 10103                *Inc., Lenovo (United States), Inc., Toshiba*
Tel: (212) 234-0040                 *Corporation, Toshiba America Information*
                                           *Systems, Inc., Toshiba America, Inc. and*
Christopher V. Ryan                 *Intervenor Intel Corporation*
Avelyn Ross
Jennifer Nall
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
Tel: (512) 542-8400
*Attorneys for Defendant Dell, Inc. and*
*Lenovo (United States), Inc.*

Jeffrey K. Sherwood
Leslie Jacobs
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006-5403
Tel: (202) 420-3602
*Attorneys for Defendants Toshiba*
*Corporation, Toshiba America Information*
*Systems, Inc., and Toshiba America, Inc.*

AND

Chad S. Campbell
Timothy J. Franks
PERKINS COIE LLP
Suite 2000
2901 N. Central Ave.
Phoenix, AZ 85012
Tel: (602) 351-8000

Michael D. Broaddus
PERKINS COIE LLP
Suite 4800
1201 Third Avenue
Seattle, WA 98101
Tel: (206) 359-8000

Robert A. Van Nest
Paula L. Blizzard
Ajay S. Krishnan
Michelle S. Ybarra
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 391-5400

*Attorneys for Intervenor Intel Corporation*

|  |  |
|---|---|
| OF COUNSEL: | FISH & RICHARDSON P.C. |
| Ruffin B. Cordell | By: /s/ *Tara D. Elliott* |
| Lauren A. Degnan | William J. Marsden, Jr. (#2247) |
| Fish & Richardson P.C. | Tara D. Elliott (#4483) |
| 1425 K Street, N.W., 11th Floor | Fish & Richardson P.C. |
| Washington, DC | 222 Delaware Ave., 17th Floor |
| Tel: (202) 783-5070 | Wilmington, DE 19899 |
|  | Tel: (302) 652-5070 |
|  | marsden@fr.com |
|  | elliott@fr.com |

*Attorneys for Microsoft Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 12, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on April 12, 2013, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

R. Terrance Rader
Glenn E. Forbis
Charles W. Bradley
James F. Kamp
Linda D. Mettes
Rader, Fishman & Grauer, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304
stclairteam@raderfishman.com
*Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.*

Craig R. Kaufman
Kai Tseng
Michael Ting
Freitas, Tseng, & Kaufman LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
AcerSt.ClairFTBKALL@ftbklaw.coma
*Attorneys for Defendants Acer, Inc., Acer America Corporation, Gateway, Inc.*

Timothy S. Teter
Elizabeth Stameshkin
Matthew J. Brigham
Benjamin G. Damstedt
Sriranga Veeraraghavan
Jesse Dyer
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
st.clair-apple-team@cooley.com
*Attorneys for Defendant Apple Inc.*

Christopher V. Ryan
Jennifer L. Nall
Jeffrey T. Han
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746
st.clair-dell-grpplist@velaw.com
stclair-levonoteam@velaw.com
*Attorneys for Defendant Dell Inc. and Lenovo (United States) Inc.*

Kimball R. Anderson
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
kanderson@winston.com
*Attorneys for Defendant Dell Inc.*

Chad S. Campbell
Timothy J. Franks
Perkins Coie LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
perkins-intel-stclair@perkinscoie.com
*Attorneys for Intervenor Intel Corporation*

Robert A. Van Nest
Paula Blizzard
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111-1809
Stclair-intel@kvn.com
*Attorneys for Intervenor Intel Corporation*

Ruffin B. Cordell
Lauren A. Degnan
Fish & Richardson, P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Microsoft-St.ClairFRTeam@fr.com
*Attorneys for Microsoft Corporation*

Constance S. Huttner
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103
st.clair-dell-grpplist@velaw.com
stclair-levonoteam@velaw.com
*Attorneys for Defendant Dell Inc. and Lenovo (United States) Inc.*

Jeffrey K. Sherwood
Leslie L. Jacobs, Jr.
Daniel G. Cardy
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403
Toshiba-St.Clair@dicksteinshapiro.com
*Attorneys for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc.*

Michael D. Broaddus
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
perkins-intel-stclair@perkinscoie.com
*Attorneys for Intervenor Intel Corporation*

William J. Marsden, Jr.
Tara D. Elliott
Linhong Zhang
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Microsoft-St.ClairFRTeam@fr.com
*Attorneys for Microsoft Corporation*

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

944870 / cons.

3