IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 09-354 (KAJ) |
| v. | ) ) | |
| TOSHIBA CORPORATION, et al. | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., Bayard, P.A.,222 Delaware Avenue - Suite 900, P.O. Box 25130, Wilmington, DE 19899, Counsel for Plaintiff, St. Clair Intellectual Property Consultants, Inc.
      Of Counsel:  Raymond P. Niro, Esq., Christopher J. Lee, Esq., Richard B. Megley, Esq., Frederick C. Laney, Esq., Niro, Haller & Niro, 181 W. Madison – Suite 4600, Chicago, IL   60602

Richard L. Horwitz, Esq., David E. Moore, Esq., Potter Anderson & Corroon LLP, Herfules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, DE 19801, Counsel for Defendants Toshiba Corporation, Toshiba America Incormation Systems, Inc., and Toshiba America, Inc.
      Of Counsel:  Jeffrey K. Sherwood, Esq., Leslie L. Jacobs, Jr., Esq., Daniel G. Cardy, Esq., Dickstein Shapiro LLP, 1825 Eye Street, NW, Washington, DC   20006

November 23, 2015
Wilmington, Delaware



JORDAN, *Circuit Judge Sitting by Designation*

Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc., (collectively "Toshiba") have filed a Motion for Attorney's Fees and Costs.  (Docket Item ("D.I.") 990.)  While it is true that St. Clair did not present a strong case, and that its position appeared to be weaker in light of certain rulings *in limine* and at trial, the case for infringement was not so weak as to be "exceptional" in the sense contemplated by 35 U.S.C § 285, nor does the record support a finding that the actions of its attorneys, Niro, Haller & Niro ("Niro") were taken in bad faith.  Therefore, I will deny the motion.

## I.   BACKGROUND

The parties are well aware of the background of this case, so I recite only those procedural facts relevant to the motion at hand.  This patent infringement action was originally brought by St. Clair against Toshiba and several other defendants in 2009, asserting infringement of seven patents.[1]  Fact discovery closed on December 16, 2011 and expert discovery closed on April 27, 2012.  Toshiba and its then-co-defendants filed a motion for summary judgment of non-infringement on May 25, 2012.  By the time the motion was argued, Toshiba was the sole remaining defendant.  That argument took place before the Honorable

---

[1] St. Clair filed suit against Acer, Inc., Acer America Corp., Dell Inc., Gateway Cos., Inc., Gateway, Inc., Lenovo Grp., Ltd., and Lenovo (United States) Inc. on May 15, 2009 (D.I. 1.), and against Apple Inc. and Toshiba on September 18, 2009 (C.A. No. 09-704, D.I. 1.).

Leonard P. Stark, now Chief Judge of the United States District Court for the

District of Delaware, in August 2014. Judge Stark denied the motion and the case

was set to proceed to trial.

The case was re-assigned to me in September of that year. Although Judge

Stark had provided a *Markman* ruling, I held a hearing in January 2015 to construe

a number of additional terms in the '163 patent, and the resulting decision was

announced in February. A pretrial conference was held on May 15, 2015 to

discuss motions *in limine* and other outstanding matters in advance of the trial.

Trial took place on June 15-18, 2015. The jury returned a verdict of non-

infringement, and I entered judgment accordingly on June 29, 2015.

Toshiba followed with this motion for attorney fees and costs.

## II.   LEGAL STANDARDS

Under the "American Rule" governing litigation fees and costs, each party

typically bears its own financial burden in the contest. *Marx v. Gen. Revenue

Corp.*, 133 S. Ct. 1166, 1175 (2013). Relevant here, however, are two exceptions

to that Rule. First, the Patent Act provides that a court "in exceptional cases may

award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An

award under § 285 is at the discretion of the district court, with the movant bearing

the burden to prove exceptional circumstances by a preponderance of the

evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749

(2014). The court may also award fees and costs under 28 U.S.C. § 1927 when an

attorney "unreasonably or vexatiously" "multiplies the proceedings" in a case.

3

The award of such fees is similarly at the discretion of the district court.  *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 278 F.3d 175, 181 (3d Cir. 2002).

## III.   DISCUSSION

### A.   Attorney Fees Under 35 U.S.C § 285

To justify an award under § 285, Toshiba, as the movant, must demonstrate that this case is "exceptional." An "exceptional" case is one that, under "the totality of the circumstances," "stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.  Toshiba asserts that this case is "exceptional" and makes five specific complaints about St. Clair's handling of the dispute, saying that St. Clair: 1) proceeded through trial without proof of infringement by Toshiba products specifically; 2) ignored the patent's requirement that the "common bus" select from multiple clock speeds; 3) shifted litigation positions regarding its video theory of infringement to avoid summary judgment; 4) continued to seek royalties for products it knew could not infringe; and 5) presented false royalty calculations.

The fourth claim can be disposed of quickly. Toshiba avers that St. Clair, in its damages calculation for the video theory, improperly included laptops that could not possibly have infringed.  Yet Toshiba provided as support only references to St. Clair's audio theory damages calculations.  Absent any evidence to back their assertion, let alone a cogent argument of how it would change St.

4

Clair's overall damages request, this argument is rejected and will not be addressed further.

The remaining claims can be fairly divided into two sets. The first, comprising the first two claims, challenges whether St. Clair possessed and presented sufficient proof of Toshiba's infringement to make the claim meritorious. The second set, comprising claims three and five, focuses more broadly on the behavior of St. Clair in the litigation.

As to the first set, the substance of St. Clair's case depended on the reports of its two experts – Ted Drake, its technical expert, and Michael Wagner, its damages expert. I made two rulings relating to the testimony of those experts that bear on this motion. First, I ruled that Drake would not be permitted to testify beyond the opinion provided in his expert report. This was nothing more than the enforcement of Federal Rule of Civil Procedure 26(a)(2)(B),[2] and it precluded Drake from opining about alleged connections between the HD Audio link and other components in a Toshiba laptop because he had not offered an opinion on that topic in his expert report. Drake was permitted to discuss Toshiba schematics only to the extent that he had referenced them in his report – to show that listed Toshiba laptops met the "data processing system" limitation of the '163 patent's first claim. Drake offered his conclusion as stated in his expert report that the HD

---

[2] Federal Rule of Civil Procedure 26(a)(2)(B)(i-iii) requires that an expert report include "a complete statement of all opinions the witness will express," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them."

Audio link, when connected to other components in a particular manner, would be infringing, and that certain Toshiba laptops contained the HD Audio link or other analogous technology.

This left something of a gap, in that there was no direct proof that the Toshiba laptop actually used the HD Audio link in a fashion that would infringe. To fill that gap, St. Clair attempted, improperly, to enter additional, unauthenticated Toshiba schematics into the record using its damages expert, who acknowledged that he was not appearing as a technical expert. I rejected that maneuver, and the gap remained.

However, although St. Clair faced an uphill battle since it did not have evidence directly showing infringement, a victory was not impossible. Drake, testifying in the abstract about how the HD Audio link is generally configured, testified that hardware components such as speakers, microphones, or headphone jacks would not function if they did not connect, via an audio codec, to the HD Audio link. That testimony, while general in nature, was enough that members of the jury could have drawn the inference that Toshiba laptops with the HD Audio link were configured in an infringing manner – including being connected to an audio codec – so that the laptops' audio hardware would function. While reliance on such an inference was a weaker litigation position than St. Clair may have been able to take had it made a greater investment in investigating how Toshiba's laptops worked, it was a straight-faced basis for arguing for a finding of

infringement. Thus, St. Clair's litigating position on this issue was not so unsupported as to be "exceptional," and it does not support an award of fees.

Toshiba also asserts that St. Clair's entire infringement position is untenable because the patent requires that the "bus processing means" referenced in the patent must "select[] from various clock speeds for the common bus." (Def. Memo. at 6). Such selecting is an impossibility here, says Toshiba, given that the accused HD Audio link operates at only a single speed. That argument was addressed at the summary judgment stage by Judge Stark, who rejected it as predicated on "an incorrect construction of 'bandwidth,' which has not been adopted by the Court." (D.I. 919 at 5.) The observation by Judge Stark was not necessarily changed by the later claim construction that I undertook. For present purposes, it is immaterial whether Judge Stark's ruling on the argument was right or wrong. St. Clair was entitled to rely on that ruling and to continue with its case accordingly. There was nothing "exceptional" in that.

As to Toshiba's second set of contentions, regarding St. Clair's behavior before the court, I was present for the latter portions of pretrial proceedings and the trial itself and did not see evidence of the bad motives that Toshiba has ascribed to St. Clair. Royalty calculations, especially in cases with variable and sometimes overlapping infringement theories against large suites of products, may be expected to have a degree of imperfection. That Toshiba found and successfully exploited such imperfections at trial is to its credit, but that success does not mean that St. Clair was a bad actor. In the same vein, Toshiba's success

7

in forcing St. Clair to change positions in the course of litigation does not make this case exceptional. Parties should abandon positions or claims when it appears they are unlikely to prove fruitful. That, in itself, is not problematic. I have no desire to encourage parties to hold on to and litigate discredited positions out of a fear that abandoning them will result in an attorneys fee award at the end of the case.

### B.    Sanctions Under 28 U.S.C § 1927

Toshiba has also argued that St. Clair's counsel, Niro, acted in bad faith or committed intentional misconduct which prolonged the case and increased costs, and that those lawyers should be sanctioned accordingly. Underpinning Toshiba's argument are, fundamentally, the same complaints as those made in support of its § 285 claim – that St. Clair's counsel changed positions to avoid summary judgment, presented an infringement theory that they knew lacked sufficient proof, and presented an error-filled damages calculation at trial.

An award of fees can be made when an attorney has "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat. Bank v. First Conn. Holding Grp., LLC.*, 287 F.3d 279, 288 (3d Cir. 2002). But the purpose of § 1927 to deter attorney misconduct must be balanced against the ethical obligation of each attorney to represent his or her client zealously. *See, e.g., Williams v. Giant Eagle Mkts., Inc.*, 883 F.2d 1184, 1193 (3d Cir. 1989). The need for such balance remains when counsel is advancing a case that, like this one,

8

becomes more challenging as a consequence of judicial rulings made in the course of the proceedings.  *See, e.g.*, *Medtronic Navigation, Inc. v. BrainLAB Medizinsche Computersysteme GmbH*, 603 F.3d 943, 965 (Fed. Cir. 2010) (noting that "it was not unreasonable for [counsel] to continue to press its client's case" even in the face of a claim construction that left that case "significantly diminished.")

As already discussed, it is plain that St. Clair's case was weaker after my evidentiary rulings.  Indeed, it seems obvious that St. Clair's attorneys were aware of that weakness or they would not have sought to advance their infringement case by putting technical documents before the jury through St. Clair's damages expert. Yet nothing in the briefing or the conduct that I witnessed during trial descended to a level that I would call bad faith or intentional misconduct on the part of St. Clair's counsel, and sanctions under § 1927 are not warranted on this record.

In sum, Toshiba has demonstrated neither that this case is "exceptional," nor that St. Clair's counsel acted in bad faith.  Consequently its motion for attorneys fees will be denied.