**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, TOSHIBA AMERICA INFORMATION SYSTEMS, INC., and TOSHIBA AMERICA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 09-354-KAJ |

**ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S
JOINT REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE (OR DISMISS)
TOSHIBA'S BILL OF COSTS (D.I. 1023)
AND ANSWERING BRIEF IN OPPOSITION TO TOSHIBA'S MOTION FOR
<u>ENLARGEMENT OF TIME TO FILE BILL OF COSTS (D.I. 1025)</u>**

Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc. (collectively, "Toshiba") filed a Bill of Costs (D.I. 1019) on November 23, 2015 (the "Bill of Costs"). In response, on December 7, 2015, plaintiff St. Clair Intellectual Property Consultants Inc. ("St. Clair") filed a Motion to Strike or Dismiss the Bill of Costs (D.I. 1023) (the "Motion to Strike"). On December 16, 2015, Toshiba filed an Opposition to St. Clair's Motion to Strike and Motion for Extension of One Week for Filing of Bill of Costs Based on Excusable Neglect (D.I. 1025) (the "Motion for Extension"). This is St. Clair's reply memorandum in support of the Motion to Strike and answering memorandum in opposition to the Motion for Extension.

I.   St. Clair's Motion to Strike (D.I. 1023)

Toshiba filed the Bill of Costs on November 23, 2016.  On November 24, 2015, counsel for St. Clair contacted counsel for Toshiba and explained St. Clair's belief that the Bill of Costs was untimely, citing FED. R. APP. P. 4(a)(4)(iii) AND FED. R, CIV. P. 58(e).  (Declaration of Richard D. Kirk ¶ 2, filed contemporaneously ("Kirk Decl. at__").)  St. Clair's counsel asked whether Toshiba would withdraw the Bill of Costs, and advised of St. Clair's intent to move to strike.  (Id.)  On November 30, 2015, Toshiba's counsel informed St. Clair that Toshiba would not withdraw the Bill of Costs. (Id.)  On December 7, 2015, St. Clair filed the Motion to Strike.

On December 16, 2015, long before the due date for a response to the Motion to Strike, counsel for Toshiba informed counsel for St. Clair that Toshiba had concluded that the Bill of Costs was, in fact, untimely filed, and that it intended to move for a retroactive enlargement of its time to file the Bill of Costs.  (Kirk Decl. at ¶3.)  Counsel for St. Clair offered to allow Toshiba to withdraw the Bill of Costs by mutual agreement, but Toshiba refused the offer. (Id.)  Defendant filed the Motion for Extension on December 16, 2015.   In its memorandum supporting the Motion for Extension, Toshiba "admits that it should have filed its Bill of Costs – as the prevailing party – on or before November 16, 2015, rather than when it did on November 23, 2015."  (D.I. 1026 at 2.)

Since Toshiba now concedes that St. Clair's Motion to Strike is well-founded, the Motion to Strike should be granted unless the Court grants Toshiba's Motion for Extension.

II.   Toshiba's Motion for Extension (D.I. 1025)

Toshiba bases its retroactive request for more time on FED. R. CIV. P. 6(b)(1)(B).  That rule requires a showing of excusable neglect.  Toshiba's complete explanation for its late filing is the following:

> Toshiba's 7-day delay occurred because the docketing systems of Toshiba's counsel failed to capture the appropriate deadline that exists pursuant to Delaware Local Rules.

(Declaration of Charles J. Monterio, Jr., ¶ 2 (D.I. 1026).)

Toshiba seeks to lay the blame for its late filing on some undescribed automated docketing feature utilized by its counsel, although its supporting papers do not explain the system or how it is used.  Regardless, this failure does not justify any extension.  Toshiba's explanation could be re-written to say, "*Toshiba's 7-day delay occurred because ~~the docketing systems of~~ Toshiba's counsel failed to ~~capture~~ calendar the appropriate deadline that exists pursuant to Delaware Local Rules*."  The issue is whether this kind of mistake constitutes excusable neglect within the meaning of FED. R. CIV. P. 6(b)(1)(B).  St. Clair submits it does not.

Toshiba relies upon *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993) for the proposition that its failure to comply with applicable rules and deadlines constitutes excusable neglect.  Toshiba misreads *Pioneer* and the cases that have followed.

This Court dealt with a claim of excusable neglect in *Albertson v. Winner Automotive*, C.A. No. 01-116-KAJ, 2004 WL 5799041 (D. Del. Oct. 27, 2004) (Jordan, J.).  There, a defendant employer in an employment discrimination case offered judgment for a sum certain pursuant to FED. R. CIV. P. 68, but failed to state that its offer of judgment did not cover accrued costs, which by the terms of Rule 68 were included.  The plaintiff employee accepted the offer.  In Title VII cases, attorneys' fees are included among the costs recoverable by a prevailing party.  The defendant employer, relying on *Pioneer*, moved to vacate the judgment pursuant to FED. R. CIV. P. 60(b)(1)(excusable neglect).  This Court denied relief, saying:

> Winner's exclusive focus on *Pioneer* is misplaced.  "*Pioneer* did not alter the traditional rule that mistakes of law do not constitute excusable neglect …." *Ceridian*, 212 F.3d at 404.  "[N]o circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.'"  *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130

- 3 -

>F.3d 996, 998 (11th Cir. 1997) (citation omitted) (citing cases from the 2d, 5th, 7th, and 9th Circuits); *see also Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) (attorney's failure to conduct research not excusable neglect); *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd on other grounds*, 501 U.S. 115 (1991) (counsel's ignorance of the law did not mandate relief from judgment)). Winner essentially admits that it made a mistake of law when it argues that "the area of law is complex."

*Albertson*, C.A. No. 01-116-KAJ, 2004 WL 5799041, slip op. at 6 (D. Del. Oct. 27, 2004).

Other courts read *Pioneer* the same way. In *United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004), a criminal defendant missed the deadline to appeal from his criminal conviction. In the first part of his appeal, the court remanded to the district court to determine whether the missed deadline was the result of excusable neglect. On remand, defendant filed a motion for enlargement of time to file the appeal, citing his attorney's confusion about the appeal deadlines of civil and criminal cases as excusable neglect. The district court granted the extension upon a finding of excusable neglect.

>On appeal, the Tenth Circuit reversed and held:

>Applying the *Pioneer* factors to the facts of this case, we determine that the district court abused its discretion in finding excusable neglect. Three of the relevant circumstances noted in *Pioneer* weigh in favor of a finding of excusable neglect. Defendant filed his notice of appeal only 18 days after the entry of judgment; it does not appear that the government would be prejudiced by the delay if Defendant's appeal is permitted to proceed; and there is no indication that defense counsel acted in bad faith. Nonetheless, "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." *City of Chanute,* 31 F.3d at 1046; *see Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir. 2001) ("We have observed that the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (internal quotation marks and bracket omitted)); *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000) (same).

>The reason for the delay here was simply that defense counsel confused the filing deadlines for civil and criminal appeals. In *Pioneer* the Supreme Court said that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer,* 507 U.S. at 392, 113 S.Ct. 1489.

> Even after *Pioneer* adopted an equitable, balancing test, several circuits have embraced the rule that "'[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir. 1994) (quoting *In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 515 (2d Cir. 1985)); *accord Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 133 (7th Cir. 1996); *see Lowry,* 211 F.3d at 464 ("Notwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."); *Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997) ("as a matter of law, ... an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *cf. Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 631 (1st Cir. 2000) ("A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect."); *McCurry v. Adventist Health Sys./Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002) (interpreting Fed.R.Civ.P. 60(b)(1); "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect"). And one circuit, although unwilling to be categorical on the matter, has indicated that the misreading of a clear rule is a highly unlikely candidate for relief. *See Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998) ("Although ... we [leave] open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable."). *But cf. Speiser, Krause & Madole P.C. v. Ortiz,* 271 F.3d 884, 886 (9th Cir. 2001) (interpreting Fed.R.Civ.P. 60(b)(1); "[w]hile an attorney's egregious failure to read and follow clear and unambiguous rules might sometimes be excusable neglect, mistakes construing the rules do not usually constitute excusable neglect." (internal quotation marks omitted)); *In re Vitamins Antitrust Class Actions,* 327 F.3d at 1209-1210 (applying Fed.R.Civ.P. 6(b) and 60(b)). In our view, defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless "[t]he word 'excusable' [is to be] read out of the rule." *Prizevoits,* 76 F.3d at 134.

*Torres*, 372 F.3d at 1162-64.

Toshiba cites *Avon Contractors, Inc. v. Sec'y of Labor*, 372 F.3d 171 (3d Cir. 2004) and suggests it stands for a different rule. It does not. In *Avon*, the missed deadline was triggered by Avon's receipt of a certified letter from defendant. The record suggested that an Avon employee had mishandled or destroyed mail, perhaps including the letter in question. The issue was

whether Avon could claim excusable neglect by reason of its employee's wrongdoing.  It did not deal in any way with attorney error.

In the bill of costs context, Toshiba relies on *Skywalker Records, Inc. v. Navarro,* 742 F. Supp. 638 (S.D. Fla. 1990).  In that pre-*Pioneer* case, a prevailing party missed the deadline to submit a bill of costs by one day, and filed a motion to enlarge its time retroactively.  The only indication in the case as to what was alleged to constitute 'excusable neglect' was that the party's attorney "failed to appreciate the thirty day limitation." *Skywalker Records, Inc.*, 742 F. Supp. at 639.  With no elaboration, the court said, "Federal Rule 6(b) allows for an extension of time for excusable neglect.  The defendant has meet [sic] this standard." *Id.*  There may be more to the case than meets the eye, but the report itself does not provide that.

A more relevant case is *Mattson v. Brown University*, 925 F.2d 529 (1st Cir. 1991). There, a prevailing defendant filed a bill of costs beyond the time set by applicable rules, unless defendant could extend the deadline by three days under FED. R. CIV. P. 6 (e).  The circuit court said that FED. R. CIV. P. 6 (e) did not apply since the deadline was triggered by the entry of judgment, not its service.  It remanded to the district court for a finding on whether defendant could claim excusable neglect.  However, to aid the district court, the First Circuit said, "We hold, however, that mistaken reliance on Rule 6(e) could not be excusable neglect.  Such a loose approach would open the gates." *Mattson*, 925 F.2d at 532.  Although *Mattson* predates *Pioneer*, post-*Pioneer* courts agree with it.  *See Kyle v. Campbell Soup Company*, 28 F.3d 928, 930 (9th Cir. 1994) (late-filed motion for attorneys' fees not salvaged by mistaken reliance on FED. R. CIV. P. 6(e), citing *Mattson* approvingly, and saying that *Pioneer* did not dictate a different result).

Here, Toshiba did not properly calendar the deadline to file its bill of costs and missed the deadline.  Under the case law, that does not amount to excusable neglect.  Toshiba's burden

- 6 -

to prove "excusable neglect" is heightened because of the language of Local Rule 54.1, which sets the deadline for filing a bill of costs. Not only does Local Rule 54.1 set the deadline, it also provides that "[f]ailure to comply with the time limitations of this Rule **shall constitute a waiver of costs**, unless the Court otherwise orders or counsel are able to agree on the payment of costs." D. DEL. L. R. 54.1 (emphasis added). It is the only instance in the Local Rules that expressly states that the consequence of missing the deadline set by the rule is waiver (and St. Clair is not aware of any similar language in the Federal Rules of Civil Procedure). Where the applicable rule setting the deadline expressly states that failure to meet the deadline constitutes a waiver, a party seeking to establish excusable neglect should bear a very heaven burden, which Toshiba has not done here.

Toshiba's Motion for Extension should be denied, and St. Clair's Motion to Strike should be granted. St. Clair notes that this case has a full history of the parties being held to deadlines established by the Federal Rules of Civil Procedure, the Local Rules, and case-specific orders, with consequences flowing from the failure to meet those deadlines.

### III.     St. Clair's Costs, Including Attorneys' Fees in Dealing With Late-Filed Bill of Costs

St. Clair requests the Court exercise its discretion to award St. Clair its costs, including reasonable attorneys' fees, incurred in prosecuting its Motion to Strike. St. Clair gave Toshiba a full and fair opportunity to withdraw the Bill of Costs without the need for motion practice, and Toshiba refused. (*See* Kirk Decl. at ¶2.) Only after St. Clair filed the Motion to Strike did Toshiba concede that the Bill of Costs was untimely and seek a retroactive extension. (*Id.*) Under the circumstances, St. Clair requests its costs and fees related to filing the Motion to Strike.

St. Clair also requests a discretionary award of its costs and fees associated with opposing the Motion for Extension. St. Clair told Toshiba it did not believe Toshiba would qualify for an

extension based on excusable neglect. (Kirk Decl. ¶3.) If the Court denies Toshiba's motion, St. Clair should be affirmatively awarded its costs and fees for defending against Toshiba's claim for costs. St. Clair submits that the case law, including a case decided by this Court, is clear.

If the Court grants Toshiba's Motion for Extension, then that decision would be a discretionary determination based on a finding of Toshiba's excusable neglect. It is within the Court's discretion to temper an award in favor of Toshiba based on its own neglect with an award in favor of St. Clair to cover its costs occasioned by that neglect, such costs to be offset against any allowable costs Toshiba is ultimately able to prove.

St. Clair will submit its statement of costs and fees should the Court grant St. Clair's request for fees and costs.

| | |
|---|---|
| January 4, 2016 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Richard D. Kirk |
| | Richard D. Kirk (rk0922) |
| Raymond P. Niro | Stephen B. Brauerman (sb4952) |
| Arthur A. Gasey | Vanessa R. Tiradentes (vt5398) |
| Oliver D. Yang | Sara E. Bussiere (sb5725) |
| Ryan K. Dooley | 222 Delaware Avenue, Suite 900 |
| NIRO, HALLER & NIRO | P.O. Box 25130 |
| 181 West Madison, Suite 4600 | Wilmington, Delaware 19899 |
| Chicago, Illinois 60602 | (302) 655-5000 |
| (312) 236-0733 | rkirk@bayardlaw.com |
| rniro@nshn.com | sbrauerman@bayardlaw.com |
| gasey@nshn.com | vtiradentes@bayardlaw.com |
| oyang@nshn.com | sbussiere@bayardlaw.com |
| rdooley@nshn.com | *Attorneys for Plaintiff St. Clair Intellectual Property Consultants, Inc.* |