IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, et al. <br><br> Defendants. | Civil Action No. 09-354 (KAJ) |

## MEMORANDUM OPINION

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., Bayard, P.A., 222 Delaware Avenue - Suite 900, P.O. Box 25130, Wilmington, DE 19899, Counsel for Plaintiff, St. Clair Intellectual Property Consultants, Inc.
    Of Counsel:  Raymond P. Niro, Esq., Christopher J. Lee, Esq., Richard B. Megley, Esq., Frederick C. Laney, Esq., Niro, Haller & Niro, 181 W. Madison – Suite 4600, Chicago, IL 60602

Richard L. Horwitz, Esq., David E. Moore, Esq., Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, DE 19801, Counsel for Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc.
    Of Counsel:  Jeffrey K. Sherwood, Esq., Daniel G. Cardy, Esq., Charles J. Monterio, Jr., Esq., Dipu A. Doshi, Esq., Gabriella E. Ziccarelli, Esq., Blank Rome LLP, 1825 Eye Street, NW, Washington, DC 20006
Deborah A. Skakel, Esq., Blank Rome LLP, 405 Lexington Avenue, New York, NY 10174

April 13, 2016
Wilmington, Delaware



JORDAN, *Circuit Judge Sitting by Designation*

I. **INTRODUCTION**

Currently before the Court are two motions relating to the Bill of Costs filed by Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc. (collectively "Toshiba"), on November 13, 2015. (Docket Item ("D.I.") 1019.) St. Clair Intellectual Property Consultants, Inc. ("St. Clair") has filed a Motion to Strike the Bill of Costs as untimely (D.I. 1023; "Motion to Strike").[1] Toshiba has filed a Motion for an Extension of One Week for Filing of Bill of Costs Based on Excusable Neglect (D.I. 1025; "Motion for Extension"), and requested that its motion be granted *nunc pro tunc*. Toshiba's Motion for Extension will be granted, and St. Clair's Motion to Strike will be denied.

II. **DISCUSSION**

The Bill of Costs was indeed untimely. Local Rule 54.1(a)(1) establishes the time for filing, stating that the prevailing party "shall, within 14 days after the time for appeal has expired ... file a bill of costs. Failure to comply with the time limitations of this Rule shall constitute a waiver of costs, unless the Court otherwise orders or counsel are able to agree on the payment of costs." I denied

---

[1] St. Clair, in its reply brief, also seeks attorneys' fees and costs related to its Motion to Strike. (D.I. 1031.) Because I deny that motion, its request for attorneys' fees and costs is also denied.

St. Clair's only post-trial motion, its Motion for a New Trial (D.I. 992), on October 2, 2015 (D.I. 1012, 1013). Consequently, the time for appeal concluded on November 2, 2015,[2] Fed. R. App. P. 4(a)(1)(A), and the Bill of Costs was thus due fourteen days later, on or before November 16, 2015. Toshiba's Bill of Costs was not filed until November 23, 2015, seven days after the deadline established by the local rules. That filing was therefore untimely.

Toshiba now petitions the Court for a one-week extension of the deadline, *nunc pro tunc*, to cure its late filing, relying on the Court's power pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which permits the Court to, "for good cause, extend the time [for a filing] on motion made after the time has expired if the party failed to act because of excusable neglect."

"Excusable neglect," as defined by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, encompasses a wide range of behavior, including "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. 380, 388 (1993). The United States Court of Appeals for the Third Circuit has further directed that, in making the equitable determination as to whether a failure to timely act constitutes "excusable neglect," a district court must consider "all relevant circumstances surrounding the party's omission." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (*quoting Pioneer*, 507 U.S. at 395). *Pioneer* enumerated four such circumstances that warrant consideration; "the

---

[2] St. Clair did not file a notice of appeal.

3

danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395.

Toshiba's failure in this case was caused by an error in its calendaring system, which did not calculate the correct due date for the motion. The result of that failure was a seven-day delay in the filing of its Bill of Costs. Considering the *Pioneer* factors, I believe that, on balance, they favor Toshiba's claim that its failure to timely file its Bill of Costs was a result of excusable neglect.

First, St. Clair will not be prejudiced by granting the Motion for Extension. A finding of prejudice typically requires "not merely the loss of an advantageous position, but ... something more closely tied to the merits of the issue." *O'Brien*, 188 F.3d at 127. I can discern no reason that the delay would disadvantage St. Clair's litigating position at all, let alone impact the merits of this issue, and St. Clair has provided no rationale to the contrary. The second consideration, the length of delay and impact on proceedings, similarly favors Toshiba. At only seven days, Toshiba's delay was minimal, and considering that the determination of costs is this Court's final task in this case, the delay has had no meaningful impact on the proceedings. The third factor, reason for delay, weighs in St. Clair's favor, as the delay was concededly the result of an error on the part of Toshiba. Finally, as to the fourth factor, good faith, there is no reason to conclude that Toshiba acted in anything other than good faith, and I have not been presented

4

with any explanation as to how Toshiba could have stood to gain from this delay, or why it would have deliberately caused it.

Finally, in considering "all relevant circumstances surrounding the party's omission," *O'Brien*, 188 F.3d at 125, the sequence and timing of the post-trial Orders are relevant. I denied St. Clair's Motion for a New Trial over a month before I denied Toshiba's Motion for Attorney's Fees. While that sequence and timing of orders does not, *per se*, excuse the error on the part of Toshiba, it may have contributed to the error by Toshiba's calendaring system.[3]

### III. CONCLUSION

Because, on the balance, the *Pioneer* considerations weigh in Toshiba's favor, and, taking into account all other relevant circumstances, Toshiba's error constituted excusable neglect, I will grant its Motion for Extension. That will make Toshiba's Bill of Costs timely and hence undermine St. Clair's Motion to Strike, as it was predicated on the untimely nature of the filing, so that motion will be denied.

---

[3] Although both parties have proffered conflicting non-precedential cases which appear to support their positions regarding the nature of "excusable neglect," I agree with Toshiba that the cases relied on by St. Clair address the issue in the context of mistakes of law. I find persuasive the distinction in *Advanced Estimating System, Inc. v. Riney*, which delineates between mistakes of law and clerical error and concludes that, while the former cannot constitute excusable neglect, the latter may. 130 F.3d 996, 999 (11th Cir. 1997). Because I conclude that Toshiba's error was clerical, it can constitute excusable neglect.